**Robert D. MARSH, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 57765.**

Court of Criminal Appeals of Texas, En Banc.

March 25, 1981.

Peter E. Carless, Arlington, for appellant.

Tim Curry, Dist. Atty., Marvin Collins, William S. Harris, Tom Bellows, and William D. Kane, Jr., Asst. Dist. Attys., Fort Worth, Robert Huttash, State's Atty., Austin, Robert E. Diaz, Asst. City Atty., Arlington, for the State.

## OPINION ON STATE'S MOTION FOR REHEARING

KEITH, Commissioner.

This is an appeal from a conviction for running a stop sign; punishment is a fine of $105.

An appeal followed and on March 21, 1979, the judgment of the trial court was reversed and the prosecution ordered dismissed in a panel opinion. The State's motion for rehearing was granted in order that we might give further consideration of the important questions involved; we now withdraw the prior opinion and affirm the judgment of the trial court for the reasons now to be stated.

The complaint alleged that on or about October 11, 1976, appellant, within the corporate limits of the City of Arlington, did:

" . . . operate a motor vehicle on a public street, to-wit, Matlock Road and at its (sic) intersection with S. Cooper Street, in the City of Arlington, Tarrant County, Texas where thereat was an official traffic control device applicable to said intersection, and placed thereat in accordance with the laws of said state and by and under the authority of said city of Arlington, Tarrant County, Texas said traffic control device being a stop sign facing the Defendant on Matlock Road and Defendant unlawfully proceeded to enter the intersection without first having brought the said motor vehicle to a full and complete stop before so entering the said intersection, said Defendant not then and there being directed to so proceed by a police officer or other traffic control signal, and not being the operator of authorized emergency vehicle . . . ."

Olin T. Wood, a member of the Arlington Police Department, testified that on the day he observed a car being driven northward on Matlock Road within the Arlington city limits; the driver of the car failed to observe a stop sign at the intersection of Matlock Road and South Cooper Street and proceeded through the intersection without reducing the car's rate of speed. According to Wood, the stop sign was clearly visible to traffic on Matlock Road. Wood testified that there was no other police officer or traffic-control signal present directing the driver of the car to enter the intersection without stopping and that the car in question was not an authorized emergency vehicle.

Wood also testified that he stopped the car and issued a citation to appellant, who was the driver. Appellant then presented a Texas driver's license to Wood. The photograph of the person to whom the license was issued appeared to be of the person who was driving the car, Wood testified; Wood could not identify appellant in court as the driver of the car.

Wood made notations on the citation as to the license number, name, address and date of birth of the person to whom the license was issued. Appellant was required to present his driver's license to the court over his objection. The license number, name, address and date of birth on appellant's license were the same as those on the license which was presented to Wood.

Wood testified that he actually remembered the events to which he testified. He also testified that he did not have an inde-

pendent recollection of looking at the driver's license and seeing that it corresponded to the individual who presented it to him, but that he always did so when he stopped a vehicle for a traffic violation.

A copy of the Arlington municipal ordinances governing traffic and motor vehicles was admitted in evidence. Appellant did not testify or present any evidence.

Appellant contends that the court erred in overruling his motion to quash the complaint because it did not negate an exception in the statute on which it was based.

Article 6701d, § 32, V.A.T.S., provides, in pertinent part, as follows:

"(a) The driver of any vehicle and the motorman of any streetcar shall obey the instructions of any official traffic-control device applicable thereto placed in accordance with the provisions of this Act, unless otherwise directed by a traffic or police officer, subject to the exceptions granted the driver of an authorized emergency vehicle in this Act."

Article 6701d, § 91A, V.A.T.S., provides in pertinent part, as follows:

"(a) Preferential right-of-way at an intersection may be indicated by stop signs or yield signs as authorized in Section 91 of this Act.

"(b) Except when directed to proceed by a police officer or traffic-control signal, every driver of a vehicle and every motorman of a streetcar approaching a stop intersection indicated by a stop sign shall stop before entering the crosswalk on the near side of the intersection or, in the event there is no crosswalk, shall stop at a clearly marked stop line, but if none, then at the point nearest the intersecting roadway where the driver has a view of approaching traffic on the intersecting roadway before entering the intersection."

Section 5.04, Traffic Chapter, Arlington City Ordinances, provides as follows:

"Any person failing or refusing to comply with the directions indicated on any sign, marker, light, or other traffic control device erected or placed in accordance with the provisions of this article when so placed or erected shall be guilty of a misdemeanor."

Appellant's motion to quash and ground of error based thereon stem from his misapprehension of the complaint. Appellant argues that the complaint alleges an offense under § 32, supra. The complaint clearly alleges that appellant entered the intersection of South Cooper Street and Matlock Road in disregard of "an official traffic control device applicable to said intersection, . . . said traffic control device being a *stop sign* . . ." (Emphasis added.) The complaint alleges an offense under *both* § 91A, supra, and § 5.04 of the Arlington municipal traffic ordinances. The complaint also alleges that appellant was not "directed to so proceed by a police officer or other traffic control signal, and not . . . the operator of authorized emergency vehicle . . .," thereby negating the exceptions set forth in § 91A, supra.

Appellant urges that the evidence is insufficient to sustain the conviction because the official nature or installation of the stop sign was not proved. See Article 6701d, §§ 29, 31, V.A.T.S.

The only evidence adduced by the State to prove the official nature or installation of the stop sign was a copy of § 5.03 of the Arlington municipal traffic ordinances which provides as follows:

"a. *Not required of prosecution.* In any prosecution for any violation of this chapter, it shall not be necessary for the state to prove the installation or authority therefor, of any traffic control device or signal.

"b. *Defense's right of rebuttal.* Any person charged with a violation of this chapter shall have the right to prove the sign, signal or device was not so installed or authorized as a defense."

An ordinance containing the precise language quoted above from the Arlington or-

dinance was held to be valid in *Bivins v. State*, 367 S.W.2d 699, 700 (Tex.Cr.App. 1963). The quoted provisions of § 5.03, supra, simply changed the burden of proof, placing upon appellant the burden of rebutting the validly created legislative presumption.

A similar provision is found in the State statute, Article 6701d–3, which is quoted in the margin.[1] We now invoke the language of Tex.Code Ann., C.C.P. art. 38.02, reading as follows:

"The rules of evidence prescribed in the statute law of this State in civil suits shall, so far as applicable, govern also in criminal actions when not in conflict with the provisions of this Code or of the Penal Code."

There is no conflict between the presumption created by Article 6701d–3 and any other article in the Code of Criminal Procedure and the Penal Code; and, as noted earlier, such statute is in harmony with our holding with reference to city ordinances on the same subject. See 1 C. Torcia, Wharton's Criminal Evidence, §§ 93–94, at 153, et seq. (13th Ed. 1972), for a discussion of rebuttable statutory presumptions.

The undisputed testimony of Officer Wood of the Arlington Police Department was that there was a stop sign at the intersection of Matlock Road and South Cooper Street controlling the defendant's direction of travel, that it was clearly visible to traffic on Matlock Road, that the defendant (driver of the car) failed to stop for the stop sign and proceeded through the intersection without reducing the car's rate of speed. This officer was the only witness in the trial. His unrebutted testimony was prima facie proof of the official nature of the installation of the stop sign. This evidence is sufficient to sustain the conviction under Article 6701d, § 91A, V.A.T.S. See also, Tex.Code Ann., Penal Code, § 2.05(1) (Supp. 1978–79).

Ground of error number two is overruled, the State's motion for rehearing is granted and the judgment of the trial court is affirmed.

---

1. "In any civil case in this State, proof by either party to the case of the existence of any traffic control device, including, but not limited to, control lights, stop signs, and one-way street signs, on or alongside any public thoroughfare shall constitute prima facie proof of all facts (including proof of competent authority and a duly enacted ordinance by municipalities or all duly promulgated orders by Commissioners Courts) necessary to prove the proper, lawful installation of such sign or device at that place. Such proof of the existence of any one-way street sign shall further constitute prima facie proof that the public thoroughfare on or alongside of which it was placed was duly designated by proper, competent authority to be a one-way public thoroughfare for traffic to go only in the direction indicated by the sign. The prima facie proof herein provided for may be rebutted by any party to the suit."