**Kelly Anderson WEDDLE, Appellant,**

v.

**STATE of Texas, Appellee.**

**No. 13–81–298–CR.**
**(2309cr).**

Court of Appeals of Texas,
Corpus Christi.

Feb. 11, 1982.

M. P. Duncan, III, Kelsey, Wood, Gregory, Duncan & Holt, Decatur, for appellant.

John B. Holmes, Jr., Dist. Atty., Houston, for appellee.

Before NYE, C. J., and UTTER and KENNEDY, JJ.

## OPINION

NYE, Justice.

Appellant was convicted by a jury of the offense of negligent homicide. The conviction stems from a January, 1979, motor vehicle accident at the intersection of State Highway 225 and South Avenue in Pasadena, Texas, in which three persons were killed when a grain truck driven by appellant ran into the cars of which the deceased were occupants.

In his first two grounds of error, appellant complains of the admission into evidence of State's Exhibits 49 and 50–A, which were ordinances of the City of Pasadena, Texas. The ordinances complained of (State's Exhibits 49 and 50–A) established the legal authorization for, respectively, a posted fifty-five mile per hour speed limit on the subject highway, and the installation of traffic control devices "as required . . . and . . . as [the City Traffic Director] may deem necessary . . . ." Appellant's specific trial-time objection was that the State failed to properly predicate its offer of the ordinances with a showing that the ordinances were properly published in accordance with applicable law, citing *Woodruff v. DeShazo*, 181 S.W. 250 (Tex.Civ.App.—Amarillo 1916, no writ).

■ Even if the admission of certain evidence in a trial was improper, it does not constitute reversible error if the same facts were proved by other evidence not objected to. *Brasfield v. State*, 600 S.W.2d 288, 296 (Tex.Cr.App.1980); *Boles v. State*, 598 S.W.2d 274, 279 (Tex.Cr.App.1980).

During the course of the trial, there was unrebutted, unchallenged testimony from eyewitnesses to the existence of the fifty-five mile per hour speed limit and the traffic control light. Such testimony was prima facie proof of the official nature of the installation of these traffic control devices. See *Marsh v. State*, 613 S.W.2d 294, 297 (Tex.Cr.App.1981). There was also unrebutted, unchallenged testimony to establish the proper response required to a red traffic control light.

■ A judgment will not be reversed for error in the admission of complained-of evidence that did not injure the appellant. The question is whether there is a reasonable possibility that the evidence that is complained of might have contributed to the conviction. *Myre v. State*, 545 S.W.2d 820, 827 (Tex.Cr.App.1977).

■ Appellant was not charged with violating the posted speed limit. He does not challenge the existence of the fifty-five mile per hour speed zone on the highway in question. There was more than adequate evidence to support an affirmative finding on the act with which appellant was charged, driving at a greater rate of speed than was reasonable or prudent for the conditions. The admission of State's Exhibits did not injure appellant. Appellant's first and second grounds of error are overruled.

■ In his remaining grounds of error, appellant alleges error in the trial court's refusal to submit to the jury appellant's requested instructions on the issues of voluntariness and accident. Appellant points out that the information charges, among other things, that the appellant violated a red light traffic control device, and that the appellant testified at the trial that the signal was yellow at the time he entered the intersection. Appellant argues that this testimony is sufficient to raise the issue of whether or not appellant voluntarily violated the red traffic control device so as to require the submission of a jury instruction on voluntariness and accident. We disagree.

Appellant's testimony does not constitute evidence that he did not voluntarily engage in the conduct charged. Rather, it appears to be a denial of the commission of the act alleged. Such denial does not entitle the appellant to a special charge on voluntariness or the law of accident. Appellant's third and fourth grounds of error are overruled.

The judgment of the trial court is affirmed.