Robert Wayne CHARLES, Appellant,

v.

STATE of Texas, Appellee.

No. 13–81–328CR (2338CR).

Court of Appeals of Texas,
Corpus Christi.

Dec. 30, 1981.

Rehearing Denied Jan. 21, 1982.

Discretionary Review Refused
March 31, 1982.

Allen C. Isbell, Houston, for appellant.

John B. Holmes, Jr., Dist. Atty., Houston, for appellee.

Before BISSETT, YOUNG and GONZALEZ, JJ.

## OPINION

BISSETT, Justice.

This is an appeal from a conviction for rape. The indictment contained two counts, the first charged appellant with rape of a child, and the second with rape. At the close of the testimony, the State elected to have the case submitted on the second count only. The jury found appellant guilty of rape, and of being a repeat felony offender, and assessed his punishment at 80 years in the penitentiary.

The evidence shows that the prosecutrix was going door to door selling subscriptions to the Houston Chronicle. Appellant invited the prosecutrix into his apartment and agreed to subscribe to the paper. After the prosecutrix had completed a receipt evidencing the transaction, appellant requested her to pose for him in the nude. The prosecutrix refused this request and attempted to leave. Appellant then, by use of force and threats of death detained the prosecutrix and compelled her to submit to sexual intercourse with him.

The record shows that at the time of the offense the prosecutrix was sixteen years old. In an effort to establish promiscuity defense, defense counsel began asking prosecutrix questions about her past sexual conduct. The prosecutor responded with a series of objections in an effort to convince the trial court that this line of questions was improper without first conducting a preliminary hearing of the kind required by Tex.Penal Code Ann. § 21.13 (Vernon 1979). In three of the objections, he went further than to state the legal basis of his complaint. In one, he remarked that the:

"entire line of questioning as Counsel knows is totally improper under the law."

In another, he said of defense counsel:

"He knows specifically if the woman is inquired of in this area the jury is to be removed. He's to alert the Court specifically according to the Statute, and I challenge Counsel to show otherwise. And I ask the Court to find him in contempt."

In a third, he stated:

"Your Honor, Counsel is, again I insist on the record, is totally misstating the law . . ."

Following these objections, a hearing was held outside the presence of the jury in which the trial court and the parties consulted the statute. It was correctly determined that § 21.13 did not apply to the offense of rape of a child and that the basis of the prosecutor's objection was therefore incorrect. Defense counsel, with the jury still out, questioned the prosecutrix and determined that she had had only one previous sexual experience.

Defense counsel then requested the trial court to:

"give a curative instruction to the jury as to the improper imputation by counsel for the prosecution."

He argued that:

"the counsel for the prosecution improperly implied unethical conduct on the part of the counsel for the defense and thereby prejudiced the defendant's entire defense on both counts before the jury by said imputation of unethical . . ."

and that

". . . defendant cannot have effective assistance of counsel and fair trial and due process without a curative instruction."

The prosecutor then offered to state to the jury that in making his objection he had no intention of suggesting that defense counsel was acting improperly. Defense counsel rejected this offer. The trial court overruled appellant's request for an instruction.

Immediately after the jury returned, the prosecutor made this statement to the trial court:

"Your Honor, if I might, I withdraw my objection to Mr. Beene's questions in that area consistent with the Court's instruction."

The judge then instructed the jury as follows:

". . . the Court has allowed and is about to allow some evidence of prior sexual conduct of the prosecuting witness, but this should be limited only to the consideration of the first count and for you to determine whether or not such evidence constitutes promiscuous sexual conduct. . . "

With this instruction the judge passed the witness to defense counsel who asked no further questions.

On re-direct examination by the State, the prosecutrix was permitted to explain that her previous sexual experience was with a man who was the father of her child and who she planned to marry.

■ The test as to whether an improper comment by a prosecutor constitutes reversible error is whether, in light of the record as a whole, the comment 1) is extreme or manifestly improper, harmful, and prejudicial; 2) is violative of a mandatory statute; or 3) injects new facts in the trial proceeding that are harmful to the accused. *Todd v. State*, 598 S.W.2d 286, 297 (Tex.Cr.App. 1980); *Thompson v. State*, 480 S.W.2d 624, 630 (Tex.Cr.App.1972); 56 Tex.Jur.2d Trial, § 321 (1964).

■ It appears from the record that the prosecutor sincerely believed that the mandatory requirements of § 21.13 were applicable to the proceedings and that defense counsel was intentionally and knowingly making an effort to circumvent those requirements. We believe his objections were made in good faith. In the context of this record, we hold that the comment in question did not amount to a personal attack on the defense counsel. It does not fit into the class of comments which caused reversal in the cases of *Bray v. State*, 478 S.W.2d 89 (Tex.Cr.App.1972) and *Lopez v. State*, 500 S.W.2d 844 (Tex.Cr.App.1973), cited in appellant's brief. And, in the light of the trial court's instruction, mentioned above, the prosecutor's withdrawal of his objection, the failure of the prosecutor to persist in his improper request, and the trial court's favorable ruling permitting defense counsel to ask the prosecutrix questions concerning her previous sexual conduct, we find that the comment was not manifestly improper, harmful or prejudicial.

■ Appellant further contends that the trial court erred in admitting into evidence State's Exhibit 2, a photocopy of the subscription receipt left in appellant's apartment by the prosecutrix. The receipt, after being seized by the police, was photocopied. The original was then transferred to the prosecutor's office where it was apparently lost. Defense counsel objected that admission of the photocopy of the receipt, rather than the original, was a violation of the best evidence rule. It appears from the record that the evidence was offered only to show the existence of the receipt, and not to prove its contents. Under these circumstances, the best evidence rule does not apply. *Reyna v. State*, 477 S.W.2d 564, 566 (Tex.Cr.App.1972); *Cage v. State*, 167 Tex.Cr.R. 355, 320 S.W.2d 364, 369 (1959); *Freeman v. Commercial Union Assurance Co., Ltd.*, 317 S.W.2d 563, 568, (Tex.Civ.App.—Texarkana 1958, writ ref'd n. r. e. d). Even if the rule did apply, State's Exhibit 2, being a photographic copy of the receipt and the record showing no bona fide dispute as to its being an accurate reproduction of the original, was admissible under Tex.Rev.Civ.Stat.Ann. art. 3731c (Vernon Supp. 1980–1981).

The offense of which appellant was found guilty by the jury is incorrectly stated in the judgment as rape of a child. To conform with the verdict, the judgment is re-

formed to adjudge appellant guilty of the offense of rape. *Sims v. State*, 546 S.W.2d 296, 299 (Tex.Cr.App.1977).

We have carefully considered all of appellant's grounds of error. They are overruled.

The judgment of the trial court is AFFIRMED.