Joseph LOTT, Appellant,

v.

STATE of Texas, Appellee.

No. 13–83–186–CR.

Court of Appeals of Texas,
Corpus Christi.

Dec. 12, 1983.

Nate Rhodes, Corpus Christi, for appellant.

Grant Jones, Dist. Atty., Corpus Christi, for appellee.

Before NYE, C.J., and YOUNG and UTTER, JJ.

## OPINION

NYE, Chief Justice.

This is an appeal from a conviction of murder. The appellant was found guilty by a jury which assessed punishment at ninety-nine years in the Texas Department of Corrections and a $10,000.00 fine.

Appellant was indicted for the murder of Granelda Henderson on November 18, 1982. He moved for a mental examination which was granted and requested a change of venue which was denied. At trial, the jury heard evidence that the victim had been appellant's girlfriend. Two witnesses testified that they saw appellant shoot Granelda Henderson at close range while she attempted to seek safety under a desk at Gibraltar Savings where she worked. The appellant raised the insanity defense and was examined by psychiatrists and psychologists whose testimony the jury also heard.

In appellant's first ground of error, he alleges that the trial court erred in failing to grant appellant's Motion for Change of Venue because the state's affidavit did not comply with Tex.Code Crim.Proc.Ann. art. 31.04 (Vernon 1966) which states:

"The credibility of the persons making affidavit for change of venue, or their means of knowledge, may be attacked by the affidavit of a credible person. The issue thus formed shall be tried by the judge, and the motion granted or refused, as the law and facts shall warrant."

The state argues that, although their controverting motion neither attacks the credibility of appellant's affiants nor their means of knowledge, the motion proceeded to an evidentiary hearing, thereby waiving any defect in their controverting affidavit.

■ An accused's motion for change of venue should be granted where the motion is improperly controverted or uncontroverted. *Durrough v. State,* 562 S.W.2d 488 (Tex.Cr.App.1978). If a motion for change of venue is supported by affidavits and opposed by the state's controverting affidavits, a trial court's decision on the merits of the motion is within the discretion of the court and will only be reversed on a showing that the trial court has abused its discretion. *McManus v. State,* 591 S.W.2d 505 (Tex.Cr.App.1979).

■ Appellant presented his motion to the trial court with attached affidavits. The trial court denied the motion. The parties then proceeded to put on evidence concerning their venue motions without objection from the appellant's attorney. Appellant presented witnesses from the local television stations who testified to the type and amount of coverage that was given to the shooting of Granelda Henderson. The state called a witness who had been in the news department of one of the local television stations and was currently a court administrator. No objection was made by appellant to his testimony. Where a defendant voluntarily puts on testimony and creates an issue of fact, a defect in a controverting affidavit may be waived. *Roy v. State,* 608 S.W.2d 645 (Tex.Cr.App.1980);

*McBrayer v. State*, 504 S.W.2d 445 (Tex.Cr. App.1974). Here, appellant effectively waived his argument by putting on testimony regarding his motion and failing to object to the testimony put on by the state. Appellant's first ground of error is overruled.

In appellant's second ground of error, he alleges that the trial court erred in admitting appellant's oral statement to police officer Noe Gonzalez because it mentioned an extraneous offense. Gonzalez testified at trial that shortly after he arrested appellant and put him in the police car, appellant made the statement, "I got both of those bitches good, I killed both of them. I don't give a damn no more." Appellant requested and received a running objection to this testimony.

Evidence of extraneous offenses committed by the appellant have been held admissible: 1) to show the context in which the criminal act occurred, what has been commonly referred to as the res gestae; 2) to prove identity where the state lacks direct evidence on the issue; 3) to prove scienter; 4) to prove malice or state of mind; 5) to show the motive of the accused; 6) to refute a defensive theory raised by the accused. *Albrecht v. State*, 486 S.W.2d 97, 100–101 (Tex.Cr.App.1972) (citations under individual sections are omitted.).

■ Appellant apparently does not contest the admissibility of the statements as being res gestae, but focuses on the inadmissibility of the statement because appellant claims that an extraneous offense may not be used to disprove insanity. *Holley v. State*, 582 S.W.2d 115 (Tex.Cr.App.1979). The statement, according to Officer Gonzalez, was spontaneous and not the result of interrogation. Appellant's claim, through a psychiatric witness, was that he did not remember killing Granelda Henderson. In *Holley*, supra, the Court of Criminal Appeals held an extraneous offense inadmissible to prove insanity but pointed out that there "may well be cases wherein such offenses may be probative of the presence or absence of sanity." *Holley*, supra, at 119. Here, the spontaneous nature of the state-ment, together with the proximity of his statement to the actual shootings, makes his statement admissible as part of the res gestae. *See Miles v. State*, 488 S.W.2d 790 (Tex.Cr.App.1972). The statement was relevant to show appellant's state of mind immediately after shooting Granelda Henderson. It was probative of his mental state at the time of the crime. The second ground of error is overruled.

In ground of error number three, appellant asserts that during the state's final argument, the prosecutor referred to or alluded to the defendant's failure to testify. Appellant claims that the state's argument was designed to show the jury that appellant displayed no contrition for his wrongdoing. The portion of the argument complained of by the appellant is:

"Do you think it bothers him lying to a psychiatrist or trying to fake one of these tests? Doesn't bother him at all. He's manipulative and he's very desparate (sic). He doesn't care what he did to her. All he's thinking about now is: How do I get out of this? How do I cut my losses?"

The appellant argues that the prosecutor's remarks directed the jury's attention to the absence of evidence that only appellant's testimony could supply. Appellant's counsel's objection was "I object to his failure to care. That is a comment on his failure to testify." The trial court overruled his objection. Tex.Code Crim.Proc.Ann. art. 38.-08 (Vernon 1979) provides as follows:

"Any defendant in a criminal action shall be permitted to testify in his own behalf therein, but the failure of any defendant to so testify shall not be taken as a circumstance against him, nor shall the same be alluded to or commented on by counsel in the cause."

■ In order to constitute a violation of the statute, as well as the privilege against self-incrimination, the language must either be manifestly intended, or of such a character that the jury would naturally take the statement as a comment on the defendant's failure to testify. *Angel v. State*, 627 S.W.2d 424 (Tex.Cr.App.1982). The language used by the prosecutor must be

viewed from the standpoint of the jury. *McMahon v. State,* 582 S.W.2d 786 (Tex.Cr. App.1978), cert denied 444 U.S. 919, 100 S.Ct. 238, 62 L.Ed.2d 175 (1979).

The state claims that, based upon all of the evidence at the trial, the appellant tried to manipulate the psychiatric tests. This statement, according to the state, was a reasonable deduction from the evidence. We hold that it was proper jury argument. *See Alejandro v. State,* 493 S.W.2d 230 (Tex.Cr.App.1973). It is also the state's contention that the prosecutor's statement that appellant "doesn't care what he did to her" is permissible in view of the Court of Criminal Appeals' opinions in *Thomas v. State,* 638 S.W.2d 481 (Tex.Cr.App.1982) and *McMahon v. State,* 582 S.W.2d 786 (Tex.Cr.App.1978) cert. denied 444 U.S. 919, 100 S.Ct. 238, 62 L.Ed.2d 175 (1979). While these cases may be instructive, they both concern prosecutorial comments at the punishment stage of trial rather than the guilt stage of the trial.

Viewing the comment from the standpoint of a lay jury, which this Court is required to do, the comment does not constitute the absolute implication that appellant failed to testify in his own behalf. *See Thomas v. State,* 638 S.W.2d 481 (Tex.Cr. App.1982). Appellant's third ground of error is overruled.

The judgment of the trial court is affirmed.