Joseph LOTT, Appellant,

v.

STATE of Texas, Appellee.

No. 13–84–003–CR.

Court of Appeals of Texas,
Corpus Christi.

June 6, 1985.

Nathaniel G. Rhodes, Corpus Christi, for appellant.

Grant Jones, Dist. Attorney's Office, Corpus Christi, for appellee.

Before KENNEDY, UTTER and KEITH,[1] JJ.

## OPINION

KENNEDY, Justice.

A jury found appellant guilty of murder and assessed his punishment at 99 years in the Texas Department of Corrections.

Although appellant does not contest the sufficiency of the evidence to support the conviction, a summary of the facts is necessary to place in perspective appellant's challenge to the admissibility of certain evidence.

Appellant was indicted for killing Rona Lou Brown, the manager of an apartment complex. According to Dorothy Jerauld, Brown's mother, appellant came to the manager's office at about 3:00 p.m. on November 9, 1982, and requested that he be

allowed to enter the apartment where he had previously lived with his girlfriend, Granelda Henderson. Brown informed appellant that Henderson had requested the door locks to be changed and that since his name was not on the apartment lease, she could not allow him to enter Henderson's apartment. Appellant again said that he wanted to enter Henderson's apartment and Brown again refused, saying that his entry was a matter between Henderson and him. At that point appellant pulled a gun, said "I won't have it, you hear? I won't have it," shot Brown in the head and fled. Brown died later that day as a result of the gunshot wound.

Robert Rico, the apartment complex maintenance man, testified that shortly before the shooting appellant had asked him for directions to the manager's office. Appellant was clearly identified through the testimony of Rico and Jerauld.

Other evidence introduced by the State showed that two days before the shooting appellant and Henderson had engaged in a heated argument while Henderson removed some of her belongings from the apartment, that appellant accused Henderson of destroying some of his property, and that appellant finally threatened Henderson saying, "You're going to get it."

The State also introduced evidence showing that around 3:40 p.m. on November 9, 1982, about a half-hour after appellant shot Rona Lou Brown, he entered a Gibraltar Savings and Loan Office where he shot and killed Granelda Henderson, his former girlfriend. It is this evidence which appellant contends in his second ground of error should have been excluded and which, he says, constitutes reversible error.

Prior to trial, the trial court held a hearing out of the jury's presence and ruled that evidence relating to Granelda Henderson's death would be admitted. Appellant objected outside the presence of the jury, and the trial court gave counsel a "running

1. Associate Justice, Court of Appeals, Ninth Supreme Judicial District (Ret.), sitting by designa-    tion. *See* Art. 1812, as amended.

Bill of Exceptions." No further objection was necessary to preserve the complaint for appellate review. TEX.CODE CRIM. PROC.ANN. art. 40.09, § 6(d)(3) (Vernon Supp.1985).

At trial evidence of the killing of Granelda Henderson was admitted through a teller of the Gibraltar Savings and Loan and the medical examiner.

■ It is well settled that an accused is entitled to be tried on the accusation made in the State's pleading and that he should not be tried for some collateral crimes or for being a criminal generally. *Albrecht v. State*, 486 S.W.2d 97 (Tex.Crim.App.1972). In its appellate brief, the State, relying on two exceptions to the rule stated in *Albrecht*, argues that the killing of Granelda Henderson was admissible to either show appellant's motive or as "res gestae" of the charged offense, contending that the Henderson murder was necessary for the jury to understand the context of the Brown killing. While *Albrecht* sets forth various exceptions to the general rule stated above, the "true" test of extraneous offense evidence admissibility was set forth recently in *Williams v. State*, 662 S.W.2d 344 (Tex. Crim.App.1983), where it was held that evidence of extraneous offenses committed by the accused may become admissible upon a showing by the prosecution both that the transaction is relevant to a material issue in the case and that the relevancy value of the evidence outweighs its inflammatory or prejudicial potential. *See also Boutwell v. State*, No. 711–83 (Tex.Crim.App. April 24, 1985); *Gonzalez v. State*, 688 S.W.2d 185 (Tex.App.—Corpus Christi, 1985).

■ It has also been stated, however, that what occurs immediately prior and subsequent to the commission of the offense on trial is always admissible under the reasoning that events do not occur in a vacuum and the jury had a right to have the offense placed in its proper setting so that all evidence may be realistically evaluated. *Maddox v. State*, 682 S.W.2d 563 (Tex.Crim.App.1985) (Clinton, J., concurring). As noted by Judge Clinton, when

evidence is offered under this "context of offense" rationale, the prejudicial nature of it will rarely render it inadmissible *so long as* it truly sets the stage for the jury's comprehension of the whole criminal transaction.

■ While it is obvious that the two shootings were not contemporaneous, it is apparent that the hostility—both before the crime and after the crime—between Granelda Henderson and appellant played a significant role in appellant's motivation in committing the murder of Rona Lou Brown. It has been held that even if the motive is not an essential element of the offense, "evidence of motive is always admissible because it is *relevant* as a circumstance tending to prove the commission of an offense." *Bush v. State*, 628 S.W.2d 441 (Tex.Crim.App.1982). (emphasis in original) While the State clearly established appellant's ill-feelings toward Henderson by showing facts of the couple's pre-killing disputes, the fact that appellant killed his girlfriend shortly after Brown is specifically relevant in showing his motives or feelings at the time Brown was killed.

It has also been stated that where two or more offenses are so blended or connected with one another, evidence of the commission of any or all of them is admissible on the trial for any offense which is itself a detail of the whole scheme, *Euziere v. State*, 648 S.W.2d 700 (Tex.Crim.App.1983), and that where an offense is one continuous transaction, or another offense is part of the case on trial or closely interwoven or blended with the case on trial, proof of all the facts relating to the transaction or other offense is proper as part of the circumstances attending the offense. *Hoffert v. State*, 623 S.W.2d 141 (Tex.Crim.App.1981).

■ Given the evidence showing a continuing feud between Granelda Henderson and appellant, it is clear that evidence of the appellant's hostility toward Henderson is not wholly unconnected with the offense at bar, even though the shooting of Rona Lou Brown was not committed at the same location and time. Nonetheless, the evi-

dence shows that the killings occurred only a short time apart and that appellant killed Brown when refused entry into his later victim's apartment. Applying the above factors, we find that the two shootings were sufficiently related in time and purpose to allow the jury to consider the evidence appellant complains was inadmissible. We cannot find that the trial court abused its discretion in admitting the evidence.

■ Even if it were error to admit this evidence, we would not find the error to require reversal of the conviction because our review of the statement of facts shows that appellant's counsel used the evidence of which he now complains as the basis in his questioning of the State's expert witness.

For example, during the cross-examination of one witness appellant's counsel asked the following questions:

Q. Let me ask you: Say the—now I wasn't specifically talking about talking to witnesses of a crime. I mean, certainly you can take a witnesses' statement and if they say: Well, he exhibited odd behavior—he came up and seemed calm and all of a sudden he had a gun out and was shooting someone, *or like at Gibraltar, that he just came in and shot someone?*

I'm talking about going behind the scene. Seems like, like you never called me and asked about talking to the father, the mother, the brothers, girlfriend or anything, did you?

A That's right. I didn't call you to ask to talk to you.

Q Well, in this case, one thing you did know, is it not true, *you knew that two people had been killed within a very short time,* within, I don't know what if (sic) time span was, but in the same day and *both of them were unarmed people,* and apparently the reasoning for killing them, at least ostensibly was—

MR. SCHIWETZ: Excuse me, Your Honor, if he want to pose a hypothetical, I have no objection, but again he is just reciting facts now.

THE COURT: Sustained. Ask a question, please.

MR. RHODES: All right.

Q (By Mr. Rhodes) Well, I will ask you if you weren't aware of these facts. You had the police reports, that Mr. Lott had caused the death of one, his landlady. You knew about that, apparently for—if there was a reason, the reason of, that he had told her—she'd told him he couldn't go into his apartment.

You have heard that?

A I have read that in the offense reports, yes.

Q Well that's kind of bizarre behavior, wouldn't you say?

A Well, if he—it depends on how you define bizarre.

Q Well, I will use a different term, then. You said you didn't feel like it was necessary to talk to family and get some adequate background—not adequate. That's my word—some background information in this case and to me, *I would like you to tell me why in this case, where you have got two people killed,* for really what seems like—

MR. SCHIWETZ: Excuse me, Your Honor. Again, could he make a question?

MR. RHODES: This is a question.

THE COURT: Excuse me. Sustained. Just ask a question. Don't state your personal opinion.

■ The general rule is that even if the admission of certain evidence in a trial was improper, it does not constitute reversible error if the same facts were proved by other evidence not objected to. *Brasfield v. State,* 600 S.W.2d 288 (Tex.Crim.App. 1980); *Weddle v. State,* 628 S.W.2d 268 (Tex.App.—Corpus Christi 1982, no pet.).[2]

---

**2.** A corollary to this rule is that the harmful effect of improperly admitted evidence is not

cured by the introduction of rebuttal evidence to meet, destroy, or explain the improper evi-

This general rule includes the situation where appellant's counsel elicits the same information from another witness, thereby curing any error which previously existed. *Smith v. State,* 437 S.W.2d 835 (Tex.Crim. App.1968), vacated in part, 408 U.S. 934, 92 S.Ct. 2850, 33 L.Ed.2d 746 (1972). We do not believe that appellant should now be able to complain on appeal regarding the admission of evidence which he attempted to use to his benefit during the jury's consideration of his insanity defense. Appellant's second ground of error is overruled.

In his first ground of error, appellant contends the trial court reversibly erred in denying his motion for change of venue because the State's controverting affidavit did not comply with TEX.CODE CRIM.PROC.ANN. art. 31.04 (Vernon 1966). The record shows that the complained of trial court action involved cause numbers 82–CR–1074 through 1077 and that a joint pretrial hearing on venue matters was heard in the trial court after the allegedly defective controverting affidavits were filed.[3] On appeal of one of the companion cases, this Court addressed the identical ground of error and determined that appellant had waived his contention by introducing evidence on his motion for change of venue and by failing to object to the testimony put on by the State. *Lott v. State,* 662 S.W.2d 450 (Tex.App.—Corpus Christi 1983, pet. ref'd). Since the ground of error asserted in the present cases involves the same pretrial hearing, our disposition is the same. Appellant's first ground of error is overruled.

In his third ground of error, appellant complains of improper jury argument. The record shows that the prosecutor mentioned the death of Granelda Henderson as a reason for asking the jury to assess a 99 year punishment. Immediately after appellant objected, the prosecutor offered to withdraw his comment and the trial court immediately instructed the jury to disregard the prosecutor's remark. Appellant's motion for mistrial was subsequently denied. Later, after the court had charged the jury, the trial judge again instructed the jury not to consider the killing of Granelda Henderson in assessing punishment. The trial court's prompt instruction to the jury to disregard the prosecutor's comment, along with its later instruction, was sufficient to cure any error. *See Jones v. State,* 568 S.W.2d 847 (Tex.Crim.App.1978); *Charles v. State,* 626 S.W.2d 868 (Tex.App. —Corpus Christi 1981, pet. ref'd). Appellant's third ground of error is overruled.

In his fourth ground of error, appellant contends that the trial court erred in not instructing the jury on the lesser included offense of voluntary manslaughter. We have reviewed the evidence and find that there was no evidence raising an issue on "sudden passion rising from an adequate cause," the factor which would entitle appellant to a charge on voluntary manslaughter. *See Luck v. State,* 588 S.W.2d 371 (Tex.Crim.App.1979). Appellant's fourth ground of error is overruled.

The judgment of the trial court is AFFIRMED.

Opinion ordered published.

UTTER, Justice, concurring.

I concur with the majority in the result reached in its opinion. I disagree with the majority regarding the original admissibility of the extraneous offense evidence. The State prevailed upon the trial court to admit evidence of the subsequent murder of

---

dence. *Howard v. State,* 599 S.W.2d 597 (Tex. Crim.App.1979). The corollary, however, is inapplicable to the present case as the evidence which appellant's counsel elicited was not to meet, destroy, or explain the allegedly improper evidence. Instead, it appears that the killing of Granelda Henderson may well have been used by appellant's counsel in an attempt to aid appellant's insanity defense.

**3.** An additional pretrial hearing was held in the present cause following the appellant's other murder trial. The evidence at this hearing related to the media coverage of the murder trial and was treated by the parties as an "extension" of the first pretrial hearing. Nothing in this hearing alters the effect of appellant's waiver of his contention by putting on evidence to support his change of venue or the State's controverting witnesses.

Granelda Henderson (1) to show appellant's motive for killing Rona Lou Brown and (2) to show "the context in which the criminal act occurred." However, I submit that appellant's murder of Granelda Henderson was not relevant to proving appellant's motive for killing Rona Lou Brown and, furthermore, the State had virtually shown "the context in which the criminal act occurred."

Prior to the admission of the extraneous offense evidence, the State had shown by numerous witnesses the arguments between appellant and Granelda Henderson, the placing of appellants' belongings outside the apartment and the request by Granelda Henderson to have Rona Lou Brown change the locks on the apartment door. Also, the State proved through police testimony the arguments and fights between appellant and Granelda Henderson. In addition, the State adduced direct evidence from an eyewitness, who identified appellant and testified regarding the conversation between appellant and Rona Lou Brown immediately prior to her murder by appellant. By such evidence, the State had successfully proven all of the extenuating circumstances, which occurred prior to appellant's killing of Rona Lou Brown.

In *Bush v. State*, 628 S.W.2d 441 (Tex. Crim.App.1982), the Court of Criminal Appeals stated:

> It must be remembered that the initial inquiry in determining the admissibility of evidence involves a comparison of probative value to potential prejudice. Further, in determining the admissibility of extraneous offenses, this Court must examine the "evidence which the state has to offer in proof of the essential elements of its case", *Albrecht* supra at 101; *Ruiz v. State* [579 S.W.2d 206 (Tex. Cr.App.1979)], supra, in order to establish the necessary relationship between the offenses and the crime for which appellant stands charged."

*Bush v. State*, 628 S.W.2d at 445. I would hold that, in the instant case, the admission of the extraneous offense evidence was not necessary or even warranted to prove the essential elements of the offense of the murder of Rona Lou Brown for which the appellant was charged.

I do concur with the majority that appellant waived error because appellant's attorney interrogated the State's witnesses regarding the two murders as evidencing "bizarre behavior" on the part of appellant and because appellant's attorney in his jury argument repeatedly referred to the two murders. These statements, which appellant brought to the attention of the jury, were not used to meet, destroy or explain the admission of the improper evidence. *Howard v. State*, 599 S.W.2d 597 (Tex. Crim.App.1979). These continued references by appellant constituted a waiver of the improper admission of the extraneous offense.

Concurring opinion ordered published.

Tex.R.Crim.App. P. 207.