Angel P. GUZMAN, Appellant,

v.

The STATE of Texas, Appellee.

No. 13–87–526–CR.

Court of Appeals of Texas, Corpus Christi.

Nov. 3, 1988.

Rehearing Denied Nov. 30, 1988.

Ricardo Flores, Edinburg, for appellant.

Rene Guerra, Edinburg, for appellee.

Before NYE, C.J., KENNEDY and SEERDEN, JJ.

OPINION

NYE, Chief Justice.

A jury found appellant guilty of criminally negligent homicide and assessed punishment at $1,000.00 fine and confinement for three-hundred sixty-five days in the county jail. Tex.Penal Code Ann. § 19.07 (Vernon 1974). By two points of error, appellant contends the evidence was insufficient.

The conviction stems from a motor vehicle accident at the intersection of Farm to Market Road 495 and "I" Road in Hidalgo County, Texas, in which one person was killed when appellant failed to stop at a stop sign and his vehicle collided with a car in which the deceased was a passenger.

The indictment and the charge described the stop sign as being "lawfully erected according to the manual and specification of the Texas State Department of Highways and Public Transportation." By point of error number one, appellant contends that the court erred in not granting his motion for instructed verdict because the evidence failed to prove this specific averment in the indictment. By point of error number two appellant complains that the evidence is insufficient because it was not proved that the stop sign was lawfully erected as averred.

■ Because a verdict of "guilty" necessarily means the jury found evidence of that on which it was authorized to convict, the sufficiency of the evidence is measured by the charge that was given. It follows that if evidence does not conform to the instruction given, it is insufficient as a matter of law to support the only verdict of "guilty" which was authorized. *Garrett v. State,* 749 S.W.2d 784, 788 (Tex.Crim.App. 1986); *Boozer v. State,* 717 S.W.2d 608, 610–611 (Tex.Crim.App.1984).

■ The following evidence was adduced by the State to prove the official nature of the stop sign. Juan Ayala, the patrol officer who arrived at the scene shortly after the collision, testified that the intersection contained a four-way stop sign at each corner. Both Rafael Islas, the passenger in appellant's car, and Maria Ricco, the driver of the car the deceased was in, testified that there was a stop sign at the intersection in question at the time of the collision. Jack Tramble, a district design engineer for the Texas Department of Highways and Public Transportation, testified that four-way stop signs existed at the intersection at the time of the collision and that to his knowledge they were erected according to the manual and specification of the Texas State Department of Highways and Public Transportation. On cross-examination, he admitted he did not physically measure the signs himself, and did not have first-hand knowledge but that "it was our standard procedure to abide by those manuals and specifications on the installation of these types of signals."

■ Clifford Palmatier testified that at the time of the offense he was a project inspector on construction work for the highway department. His department was responsible for signing. He said the stop sign on the corner where the accident occurred existed and was a permanent stop sign. He testified that permanent signs had to be posted in a certain manner and that in his inspection he would customarily check to see that the signs were properly posted. After reviewing all the evidence in the light most favorable to the judgment, we find this evidence is sufficient to sustain the conviction. Moreover, the unrebutted and unchallenged testimony that the stop sign existed was prima facie proof of the official nature of the installation of the stop sign. *Marsh v. State,* 613 S.W.2d 294, 297 (Tex.Crim.App.1981); *Weddle v. State,* 628 S.W.2d 268, 269 (Tex.App.—Corpus Christi 1982, no pet.).

Appellant's points of error one and two are overruled. The judgment of the trial court is AFFIRMED.