

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

———————————————————

No. 02-20-00028-CR

———————————————————

CHARLES SALAS JR., Appellant

V.

THE STATE OF TEXAS

On Appeal from the 431st District Court
Denton County, Texas
Trial Court No. F18-3564-431

Before Gabriel, Kerr, and Bassel, JJ.
Memorandum Opinion by Justice Gabriel

## MEMORANDUM OPINION

Appellant Charles Salas Jr. appeals from his conviction for assault against a family or household member and from his enhanced sixty-year sentence. Salas challenges the sufficiency of the evidence to justify the jury's rejection of his justification defense of self-defense; however, the evidence, which included the victim's statements to the police immediately after the offense and the nature of his injuries, allowed a rational fact-finder to reasonably determine that Salas had committed assault and had not acted in self-defense. Salas also argues that the trial court abused its discretion by admitting a video of Salas's commentary while he was being transported to jail because it constituted inadmissible character-conformity evidence. Because Salas's relevance objection at trial did not preserve his appellate argument based on character conformity, we do not address the merits of this issue. Finally, Salas argues that his sentence is constitutionally disproportionate to the nature of the offense; however, he has procedurally defaulted this complaint by failing to bring it to the attention of the trial court. Therefore, we affirm the trial court's judgment.

## I. BACKGROUND

Salas lived with his father (Charles Sr.), mother (Sandra), and nephew (Jesse). One night, Salas and Charles Sr. began arguing about Salas's girlfriend. Sandra and Charles Sr. asked Salas to leave the home. Salas walked out the front door, and Charles Sr. followed him out. Jesse heard arguing and went outside to see what was

2

happening. Salas hit Charles Sr., and Jesse stepped between the two. Salas then hit Jesse twice in the face, causing Jesse to fall back. Salas left.

Sandra called 911 and told the dispatcher that Salas had hit Charles Sr. and had pushed Charles Sr. and Jesse down. She also gave the dispatcher a description of Salas. Officer Niko Bookman responded to the call and located Salas while driving to the scene. Salas told Bookman that Charles Sr. and Jesse "had jumped on him." Salas, who was not wearing a shirt, had no injuries. Bookman placed Salas in the back of his patrol car and drove to Salas's home.

When Bookman arrived, he spoke to Jesse and noticed that Jesse had bleeding cuts near his right eye and on his chest. Jesse told Bookman that Salas had hit Charles Sr. first and had then hit Jesse in the eye when Jesse tried to intervene. Sandra and Charles Sr. told the other responding officer, Officer Jasmine Badiru, that Salas was upset about his girlfriend, that their attempts to calm him down enraged him, that Charles Sr. told Salas to leave, and that Salas hit Jesse when he tried to step between Charles Sr. and Salas. Charles Sr. and Sandra said that Salas had hit Charles Sr. as well. Badiru noticed that Charles Sr. had injuries to his right eye and left arm and that Jesse had injuries to his right eye and chest. However, Charles Sr., Sandra, and Jesse refused to give written statements and stated they did not want to "press charges." Nevertheless, Bookman arrested Salas based on their verbal reports of Salas's actions and Charles Sr.'s and Jesse's injuries consistent with those statements.

3

While Bookman drove Salas to jail, Bookman's body camera recorded what Salas was saying. He was "upset and irate," cursing in a steady stream of invectives, which included ethnic slurs and gendered insults. Salas's comments were not the product of any questioning by Bookman. Salas threatened to "kill your b---- a-- when I get out" and that "you're gonna burn, [ethnic slur]." Salas also said, "[H]e's lucky I didn't knock him out like I did the last two or three times." Bookman presumed that Salas's rant was directed at Charles Sr.

Salas was indicted with two counts of assault causing bodily injury to a household or family member—Charles Sr. and Jesse—both third-degree felonies based on the jurisdictional indictment allegation that Salas had been previously convicted of an assaultive offense against a household or family member in 2004. *See* Tex. Penal Code Ann. § 22.01(a)(1), (b)(2)(A); *Price v. State*, 457 S.W.3d 437, 442 (Tex. Crim. App. 2015); *Reyes v. State*, 314 S.W.3d 74, 81 (Tex. App.—San Antonio 2010, no pet.). The indictments additionally included two nonjurisdictional punishment-enhancement paragraphs, alleging that Salas had been convicted of felony assault involving family violence in 2010 and 2016. *See Reyes*, 314 S.W.3d at 80 (citing *Brooks v. State*, 957 S.W.2d 30, 33–34 (Tex. Crim. App. 1997)). These two prior felony allegations enhanced Salas's possible punishment range from that of a third-degree felony to a term of "life, or for any term of not more than 99 years or less than 25 years." Tex. Penal Code Ann. § 12.42(d).

At trial, Charles Sr. and Jesse stated that they did not remember the details of the incident and did not want to testify against Salas. Sandra also was reluctant to testify at trial. Charles Sr. testified that he did not know if he was truthful when he had talked to Badiru at the scene about what had happened; but Jesse testified that he would not have lied to the police that night. Charles Sr. believed the incident was "a little bit of [his] fault for following [Salas] outside."

Salas testified that after he tried to leave the house, Charles Sr. grabbed Salas's left arm, blocking Salas's exit. Salas "softly just set [Charles Sr.] to the side" when Jesse suddenly appeared behind Salas. Salas "lift[ed] his hand" to defend himself from Jesse while also "dealing with" Charles Sr. who was "in front of [Salas] at the same time." Salas testified that Charles Sr. frequently frustrated him and knew "how to push [his] buttons" but that Charles Sr. was his best friend.

The jury found Salas not guilty of the assault against Charles Sr. but guilty of the assault against Jesse. At the punishment hearing, Salas pleaded true to the two punishment-enhancement paragraphs. The jury heard evidence regarding Salas's criminal history: (1) a 2007 misdemeanor conviction for harassment, (2) two 2005 misdemeanor convictions for violating a protective order, (3) a 2005 felony conviction for possession of a controlled substance, and (4) a 1998 state-jail felony conviction for possession of a controlled substance. Additionally, the jury heard that Salas had five

prior convictions for assault involving family violence, four of which were felonies.[1] At the time of trial, Salas also stood accused of assault involving his girlfriend after he had allegedly chased her, grabbed her by the hair to pull her to the ground, and hit her repeatedly in the face with a closed fist. After the punishment trial, the jury assessed Salas's punishment at sixty years' confinement.

On appeal, Salas challenges the sufficiency of the evidence to convict him in light of his justification defense, the admission of the audio from Bookman's body camera, and the length of his sentence.

## II.  SUFFICIENCY OF THE EVIDENCE

Salas argues that no evidence supported the jury's implied rejection of his justification defense of self-defense. He argues that because the jury should have viewed his actions "solely from [his] perspective," the evidence did not support a finding contrary to Salas's testimony about the assault, rendering the jury's verdict "irrational."

When a defendant raises a justification defense such as self-defense, the jury's guilty verdict is an implicit factual finding that it rejected the defense. *See Saxton v. State*, 804 S.W.2d 910, 913–14 (Tex. Crim. App. 1991); *see also* Tex. Penal Code Ann. §§ 9.02, 9.31(a). When a defendant raises self-defense, he bears the burden to

---

[1]The misdemeanor assault conviction was alleged as a jurisdictional enhancement; two of the four felony assault convictions were alleged as punishment enhancements.

6

produce some evidence supporting the defense, and the State bears the burden of persuasion to disprove the defense by proving its affirmative case beyond a reasonable doubt. *See Braughton v. State*, 569 S.W.3d 592, 608 (Tex. Crim. App. 2018); *see also* Tex. Penal Code Ann. § 2.03(c). To resolve whether the evidence is sufficient to support the jury's implicit rejection of a justification defense, we do not look to whether the State produced evidence refuting the defendant's self-defense testimony; rather, we view the evidence in the light most favorable to the jury's verdict to determine whether any rational trier of fact would have found the essential elements of the offense beyond a reasonable doubt and also would have found against the defendant on his defensive issue beyond a reasonable doubt.[2] *See Braughton*, 569 S.W.3d at 608–09; *see also* Tex. Penal Code Ann. § 2.03(b). In short, we do not view the justification evidence solely from the defendant's perspective in our sufficiency review, as Salas asserts; we review all of the evidence in light of and in favor of the jury's rejection of the defense.[3] *See Saxton*, 804 S.W.2d at 914; *Smith v. State*, 355 S.W.3d 138, 146 (Tex. App.—Houston [1st Dist.] 2011, pet. ref'd).

---

[2]Salas does not dispute that the State presented sufficient evidence of the elements of assault involving family violence.

[3]The defendant's perspective comes into play when determining whether the evidence sufficiently raised self-defense such that the defendant is entitled to a self-defense jury instruction. *See Ferrel v. State*, 55 S.W.3d 586, 591 (Tex. Crim. App. 2001). Such an instruction was included in Salas's jury charge.

"[A] person is justified in using force against another when and to the degree the actor reasonably believes the force is immediately necessary to protect the actor against the other's use or attempted use of unlawful force." Tex. Penal Code Ann. § 9.31(a). Thus, self-defense is justified when "the amount of force actually used was permitted by the circumstances." *Alonzo v. State*, 353 S.W.3d 778, 783 (Tex. Crim. App. 2011); *see Kelley v. State*, 968 S.W.2d 395, 399 (Tex. App.—Tyler 1998, no pet.) ("The amount of force used must be in proportion to the force encountered."). Here, the jury saw pictures of Jesse's injuries, which were consistent with Jesse's statement to Bookman that Salas had hit Charles Sr., Jesse had then stepped between Charles Sr. and Salas, and Salas had hit Jesse in the face twice. Charles Sr. and Sandra similarly told Badiru that Salas had hit Charles Sr. and then Jesse after he had stepped between Charles Sr. and Salas. There was evidence that Jesse used no physical force against Salas and did not threaten to do so,[4] rendering Salas's use of force against Jesse unreasonable and, thus, unjustified. *See, e.g.*, *Graves v. State*, No. 01-13-00630-CR, 2014 WL 2809814, at *2 (Tex. App.—Houston [1st Dist.] June 19, 2014, no pet.) (mem. op., not designated for publication); *Bottenfield v. State*, No. 12-02-00113-CR, 2002 WL 31835289, at *2–3 (Tex. App.—Tyler Dec. 18, 2002, no pet.) (not designated for publication); *Payne v. State*, No. 05-01-01289-CR, 2002 WL 1494710, at *2 (Tex. App.—Dallas July 15, 2002, no pet.) (not designated for publication). *See*

---

[4]Although Salas told Bookman that Jesse had "jumped on him," Salas testified at trial only that Jesse suddenly appeared behind him.

8

*generally* Tex. Penal Code Ann. § 9.31(b)(1) (providing use of force not justified "in response to verbal provocation alone").  And the jury was entitled to discount Salas's claim of self-defense and to instead credit what Jesse, Charles Sr., and Sandra had told Bookman and Badiru at the scene.  *See Little v. State*, No. 05-14-00697-CR, 2015 WL 5022283, at *6 (Tex. App.—Dallas Aug. 25, 2015, pet. ref'd) (mem. op., not designated for publication); *Smith*, 355 S.W.3d at 146; *Payne*, 2002 WL 1494710, at *2. *See generally Chambers v. State*, 805 S.W.2d 459, 461 (Tex. Crim. App. 1991) ("As factfinder, the jury is entitled to judge the credibility of witnesses, and can choose to believe all, some, or none of the testimony presented by the parties.").  Viewing the evidence in the light most favorable to the verdict and deferring to the jury's credibility choices, we hold that the evidence is sufficient to support the jury's implicit rejection of Salas's self-defense claim.  We overrule issue one.

## III.  ADMISSION OF EVIDENCE

Salas contends that the trial court abused its discretion by admitting the audio from Bookman's body camera, which recorded Salas's constant swearing while being driven to jail.  Salas is correct that we review the admission of the audio for an abuse of discretion, *see Montgomery v. State*, 810 S.W.2d 372, 391 (Tex. Crim. App. 1991) (op. on reh'g), but we find no abuse here.

At trial, Salas unsuccessfully objected to the admission of the audio on the basis that it was "irrelevant as to what happened after the arrest."  *See* Tex. R. Evid. 401. On appeal, he argues that the evidence was inadmissible because it was "pure

9

impermissible character conformity evidence," rendering the exhibit irrelevant because it did not make a fact of consequence more or less probable.[5]  *See* Tex. R. Evid. 404(a)(1).  Salas's relevance objection did not alert the trial court that his exclusion theory was based on character-conformity considerations; thus, he has failed to preserve this issue for our review.  *See Golliday v. State*, No. 02-15-00416-CR, 2019 WL 1830606, at *2 (Tex. App.—Fort Worth Apr. 25, 2019, pet. ref'd) (en banc) (mem. op., not designated for publication).

Even if preserved, however, Salas's argument has no merit.  Evidence is relevant if it tends to make a fact more or less probable and if the fact is of consequence to the action.  Tex. R. Evid. 401.  "Evidence need not by itself prove or disprove a particular fact to be relevant; it is sufficient if the evidence provides a small nudge toward proving or disproving some fact of consequence."  *Stewart v. State*, 129 S.W.3d 93, 96 (Tex. Crim. App. 2004).  But evidence of a person's character trait is inadmissible solely to prove that, on a particular occasion, he acted in conformity with that trait.  Tex. R. Evid. 404(a)(1).  Thus, character evidence is admissible only if it has relevance to a noncharacter-conformity issue of consequence.  *See Robbins v. State*, 88 S.W.3d 256, 259 (Tex. Crim. App. 2002); *Powell v. State*, 63 S.W.3d 435, 439

---

[5]To the extent Salas attempts to argue on appeal that the admission of the audio was unduly prejudicial under Rule 403, that contention was not raised in the trial court and is, thus, not preserved for our review.  *See Lopez v. State*, 200 S.W.3d 246, 251 (Tex. App.—Houston [14th Dist.] 2006, pet. ref'd); *see also Medina v. State*, 7 S.W.3d 633, 643 (Tex. Crim. App. 1999); *Reed v. State*, 550 S.W.3d 748, 760 n.8 (Tex. App.—Texarkana 2018, no pet.).

(Tex. Crim. App. 2001); *Atlas v. State*, No. 02-15-00380-CR, 2017 WL 2813162, at *4 (Tex. App.—Fort Worth June 29, 2017, no pet.) (mem. op., not designated for publication). Character evidence has a purpose apart from proof of conformity if it is admitted to rebut a defensive theory. *Robbins*, 88 S.W.3d at 259; *Powell*, 63 S.W.3d at 439.

Salas's spontaneous comments on the audio recording occurred immediately after the assault and showed his belligerence and hostility, especially at Charles Sr. In short, the exhibit showed Salas's state of mind around the time of the offense, which was a contested issue at trial based on Salas's justification defense. *See, e.g.*, *Powell*, 63 S.W.3d at 439; *Duntsch v. State*, 568 S.W.3d 193, 226 (Tex. App.—Dallas 2018, pet. ref'd). Thus, the audio recording was relevant because it tended to make a fact of consequence more or less probable and because it had a purpose apart from character conformity. *See Powell*, 63 S.W.3d at 439; *Lott v. State*, 662 S.W.2d 450, 452 (Tex. App.—Corpus Christi–Edinburg 1983, pet dism'd); *see also Robbins*, 88 S.W.3d at 261–62; *Stirman v. State*, No. 11-12-00090-CR, 2014 WL 1285773, at *7 (Tex. App.—Eastland Mar. 31, 2014, pet. ref'd) (mem. op., not designated for publication). The trial court did not abuse its discretion by admitting this relevant evidence.

And even if the trial court had abused its discretion by admitting the exhibit, the State aptly argues that Salas would not have been harmed because the exhibit was relevant to Salas's hostility toward Charles Sr., and the jury acquitted Salas of assaulting Charles Sr. *See* Tex. R. App. P. 44.2(b). We overrule issue two.

11

## IV. LENGTH OF SENTENCE

Finally, Salas argues that his sixty-year sentence was unconstitutionally disproportionate to the nature of the offense. Before imposing the sentence assessed by the jury, the trial court asked Salas whether there was any reason why sentence could not be imposed. Salas's counsel responded, "No, Your Honor." Salas did not file a motion for new trial. Disproportionate-sentence claims must be raised in the trial court either at sentencing or in a motion for new trial in order to preserve such a claim for our review. *See Kim v. State*, 283 S.W.3d 473, 475 (Tex. App.—Fort Worth 2009, pet. ref'd). Salas did neither; thus, he has procedurally defaulted his appellate claim. *See id.* We overrule issue three.

Even if this claim could be raised for the first time on appeal, *cf. Mizell v. State*, 119 S.W.3d 804, 806 (Tex. Crim. App. 2003), we would conclude that the length of Salas's sentence does not raise an inference that it was unconstitutionally disproportionate. Although assault causing bodily injury is a misdemeanor offense, it becomes punishable as a third-degree felony if committed against a family or household member. *See* Tex. Penal Code Ann. § 22.01(b)(2)(A). And Salas's two prior felony family-violence assaults enhanced the available punishment range to twenty-five to ninety-nine years' or life confinement. *See id.* § 12.42(d). Along with the circumstances of the charged offense, the jury heard evidence of Salas's extensive criminal history, most of which underscored Salas's penchant for assaultive and harassing behavior. We would conclude, therefore, that the severity of Salas's

sentence, which was within the applicable sentencing range, was not unconstitutionally disproportionate in light of the circumstances of the charged offense and his prior offenses. *See Rummel v. Estelle*, 445 U.S. 263, 276 (1980); *State v. Simpson*, 488 S.W.3d 318, 323 (Tex. Crim. App. 2016); *Karrenbrock v. State*, No. 02-16-00386-CR, 2018 WL 5289352, at *4–6 (Tex. App.—Fort Worth Oct. 25, 2018, pet. ref'd) (mem. op., not designated for publication); *Shivers v. State*, No. 02-16-00387-CR, 2017 WL 6884303, at *4 (Tex. App.—Fort Worth Oct. 19, 2017, pet. ref'd) (mem. op., not designated for publication).

## V. CONCLUSION

The jury heard evidence showing that Salas's belief that force was necessary was unreasonable; thus, the jury's implicit rejection of Salas's justification defense of self-defense was rational and supported by the evidence. By only objecting on the basis of relevance at trial, Salas failed to preserve his appellate argument that the audio recording of his ride to jail was inadmissible character-conformity evidence. And Salas similarly procedurally defaulted his disproportionate-sentence claim by failing to raise it in the trial court. We affirm the trial court's judgment. *See* Tex. R. App. P. 43.2(a).

/s/ Lee Gabriel

Lee Gabriel
Justice

Do Not Publish
Tex. R. App. P. 47.2(b)

Delivered:  October 29, 2020

14