**George Edward ELDRIDGE, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 51559.**

Court of Criminal Appeals of Texas.

June 9, 1976.

----

Andrew McCulloch, Jr., Dallas, for appellant.

Henry Wade, Dist. Atty., W. T. Westmoreland, Jr., Paul D. Macaluso and R. Gary Noble, Asst. Dist. Attys., Dallas, Jim D. Vollers, States Atty., and David S. McAngus, Asst. State's Atty., Austin, for the State.

OPINION

ODOM, Judge.

Appeal is taken from a conviction for aggravated rape. After the jury returned a verdict of guilty, punishment was assessed by the court at thirty-five years.

A recitation of the facts is not necessary. The record reflects that the evidence was sufficient to show appellant's guilt for the offense charged. However, the judgment must be reversed because of the admission in evidence of an extraneous offense.

Over appellant's objection, the testimony of Mrs. G___ B___ was admitted into evidence. Mrs. G___ B___ identified appellant as the person who raped her on May 27, 1972 (the instant offense occurred on September 21, 1974) under circumstances very similar to those in the instant case. The two offenses occurred in the same area of the city and about the only significant difference in the circumstances surrounding the offenses was that appellant had a gun in the instant offense and a knife in the earlier case. The court instructed the jury that they could only consider the testimony of the extraneous offense in determining motive, intent, scheme or design of the appellant.

Appellant points to the fact that he did not testify, offered no evidence, and that the testimony of the prosecutrix was unimpeached.

The extraneous offense was not admissible under our holding in *Albrecht v. State*, 486 S.W.2d 97, wherein we said at page 100:

"This court has consistently held that an accused is entitled to be tried on the accusation made in the state's pleading and that he should not be tried for some collateral crime or for being a criminal generally [citations omitted]. Evidence of other crimes committed by the accused may be admitted, however, where such evidence is shown to be both material and relevant to a *contested issue* in the case." (Emphasis added.)

There was no such issue in the instant case, as the State in its brief concedes. Therefore, admitting evidence of the extraneous offense was clearly erroneous.

After conceding that admission of the extraneous offense was error, the State contends that the error was harmless in view of the "overwhelming" evidence of guilt.[1] With this contention we do not agree. That harmless error test of *Harrington v. California*, 395 U.S. 250, 89 S.Ct. 1726, 23 L.Ed.2d 284 (1969), and *Chapman v. California*, 386 U.S. 18, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967), is not applicable to the facts of this case.

The judgment is reversed and the cause remanded.

---

1. The record reflects that an earlier trial of appellant for this offense had ended with a hung jury.