**Alta Lee KEMPER, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 04–81–00154–CR.**

Court of Appeals of Texas,
San Antonio.

Oct. 20, 1982.

George Scharmen, San Antonio, for appellant.

Bill White, Dist. Atty., Keith F. Fahlberg, Asst. Dist. Atty., San Antonio, for appellee.

Before ESQUIVEL, BUTTS and CLARK, JJ.

## OPINION

PER CURIAM.

This appeal is taken from a conviction for aggravated robbery. After being convicted by a jury, appellant elected to have the trial court assess punishment and was sentenced to seven (7) years' confinement.

Appellant raises four grounds of error, contending that his requested special charge on mistaken identity was improperly denied, that the evidence was insufficient, that proof of an extraneous offense was erroneously admitted, and that his motion for continuance was improperly denied. We affirm.

On February 14, 1980, William Biddy was robbed at his printing business—pawn shop in San Antonio. The robber, whom he identified in court as appellant, had come in and

looked at some rings, and then pulled and pointed a sawed-off shotgun and left with a tray of rings.

Appellant's first ground of error is that he was denied a requested special charge on his established defense of mistaken identity. He testified, denying having committed the robbery, and gave alibi testimony. His alibi was corroborated by a witness who stated that appellant had been with her at a different location at the time of the robbery. Appellant also presented witnesses whose testimony tended to establish that one Horace Pullen, Jr., had done the robbery and that Pullen resembled appellant in facial features.

■ When the final charge given the jury by the trial court covers essentially the same matters as those stated in a refused charge, no harm is shown. *Viduarri v. State*, 626 S.W.2d 749, 750 (Tex.Cr.App. 1981). Here, the charge instructed the jury that it must find beyond a reasonable doubt that appellant committed the robbery, and that if it did not so believe, or had a reasonable doubt thereof, it was to acquit him. Also, his requested charge on alibi was given. Under the circumstances, the charge as given by the trial court adequately protected appellant's rights and refusal of the requested special charge was not error. *Wilson v. State*, 581 S.W.2d 661, 665 (Tex.Cr. App.1979) (Opinion on State's Motion for Rehearing); *see also Hill v. State*, 608 S.W.2d 932, 934 (Tex.Cr.App.1980); *Roy v. State*, 627 S.W.2d 488, 490 (Tex.App.— Houston [1st Dist.] 1981). The first ground of error is overruled.

■ In his second ground of error, appellant contends that the evidence is insufficient, even though the victim made a positive in-court identification of appellant as having been the robber. As appellant advances no argument and authorities to support his contention, it is waived. *Mosley v. State*, 494 S.W.2d 557, 558 (Tex.Cr.App. 1973). We have nevertheless reviewed the evidence and hold that it was sufficient. The issue of identity was hotly contested, and resolved by the jury in favor of the State, as the jury had authority to do. Tex.

Code Crim.Pro.Ann. art. 38.04 (Vernon 1979). A rational trier of fact would have been justified in finding beyond a reasonable doubt that appellant committed the offense charged. *Jackson v. Virginia*, 443 U.S. 307, 308, 99 S.Ct. 2781, 2782, 61 L.Ed.2d 560 (1979). The second ground of error is overruled.

■ Appellant contends in his third ground of error that evidence of an extraneous offense was brought before the jury over his objection. In a motion in limine, appellant had requested that the State not be allowed to present testimony that the shotgun with which he allegedly committed the robbery was a "sawed-off" shotgun. The motion was denied and over objection at trial, such evidence was presented. Because possession of such a weapon is an offense under Tex.Penal Code Ann. §§ 46.-06(a)(3); 46.01(10) (Vernon 1974), appellant contends that he in fact was tried for that offense without having been charged with committing it.

It is a familiar principle of law that an accused should only be tried for the offense or offenses with which he is charged, and that presenting proof of other uncharged offenses confuses the issues in the case, denies him the opportunity for notice to prepare his defense, and tends to result in his being tried as a criminal generally. *Albrecht v. State*, 486 S.W.2d 97, 100 (Tex.Cr. App.1972). Several exceptions to this rule barring proof of extraneous offenses have been recognized, however. Among them is the principle that crimes do not occur in a vacuum, and the fact-finder is entitled to know the circumstances surrounding the commission of the offense on trial. *Bush v. State*, 628 S.W.2d 441, 443 (Tex.Cr.App. 1982). The shorthand term often used to describe such surrounding circumstances is *res gestae,* which has been defined as "... applicable to material happenings which are interwoven and immediately surround an event." *Id.* Proof of the use of a particular type of shotgun, i.e., sawed-off, was part of the *res gestae,* and was therefore admissible.

Accordingly, we find that proof of the type of shotgun used in this offense was proper. To hold otherwise would lead to the result, as the State correctly argues in its brief, that in the trial of any aggravated robbery involving the use of an otherwise prohibited weapon, the fact that such weapon was used would be inadmissible, because the carrying of that type of weapon is also an offense in itself. Here, the offense of possession of the sawed-off shotgun was part of a continuous criminal transaction, interwoven with the rest of appellant's criminal conduct, and proof that the gun was sawed-off was proper. *Welch v. State,* 543 S.W.2d 378, 381 (Tex.Cr.App.1976). The third ground of error is overruled.

In his fourth ground of error, appellant complains of the trial court's denial of his subsequent motion for continuance to secure the attendance of a missing witness. Although his motion for new trial raises this issue, there is no record of any affidavit or other sworn testimony having been made to substantiate what testimony the missing witness, Glenn Miller, would have given. Nothing is presented for review. *Varela v. State,* 561 S.W.2d 186, 191 (Tex.Cr.App. 1978). Furthermore, the motion for continuance itself was oral, unsworn, and unsupported by any proof. There is no error in the denial of such a motion. *Taylor v. State,* 612 S.W.2d 566, 570 (Tex.Cr.App. 1981). The fourth ground of error is overruled.

The judgment is affirmed.