Affirmed and Memorandum Opinion filed June 29, 2010.



 



In The

 

Fourteenth Court of
Appeals

                                                                                          



NO. 14-09-00171-CR



 

Kristien Jamarle Carey, Appellant

V.

The State of Texas, Appellee

 



On Appeal from the 174th
District Court

Harris County, Texas

Trial Court Cause No. 1131861



 

MEMORANDUM OPINION

 

Appellant Kristien Jamarle Carey appeals his
conviction for aggravated robbery claiming the trial court erred in admitting
irrelevant evidence.  We affirm.

I.  Factual and Procedural Background

On December 30, 2006, Jon Tong and Ryan Stanhope were
working at a convenience store.  Tong was outside draining a cooler and
followed two men into the store.  When he walked into the store Tong saw the
same two men robbing Stanhope; one man was pointing a gun at Stanhope while the
other held a bag.  Stanhope opened the cash register and gave the men the
contents.  The man holding the bag repeatedly told the man holding the gun to
shoot Stanhope.  Tong identified appellant as the man who held the bag.  

Tong and Stanhope called the police, who responded
and began searching for the robbers.  The police officers apprehended two men matching
the description of the robbers and brought them back to the store to be
identified.  Tong positively identified appellant, both in the store and later
in court, as the man who was holding the bag during the robbery.  Stanhope was
initially unable to identify appellant at the store, but after hearing
appellant speak, Stanhope identified him because he had an unusually high-pitched
voice.

Sergeant Darrell DeFee of the Houston Police
Department testified that he interviewed appellant after the arrest.  Appellant
was wearing the same clothes in which he had been arrested, which Sergeant
DeFee described as dark jean trousers and “a dark T-shirt with some distinctive
pictures and writings on the front of the T-shirt.”  Sergeant DeFee reviewed
the videotape of the robbery and talked with several witnesses to the robbery. 
From his review of the video plus the witnesses’ statements, Sergeant DeFee
believed appellant to be one of the persons who committed the convenience store
robbery.  On cross-examination, defense counsel asked Sergeant DeFee whether he
considered the shirt appellant was wearing to be distinctive.  On redirect
examination, Sergeant DeFee testified as follows:

Q.  Was the clothing Mr. Carey was wearing when he was
arrested consistent with the clothing he was wearing in the video?

MR. DOUGLAS [defense counsel]:  Objection, leading.

THE COURT:  Overruled.

A.  Yes, ma’am.

Q.  Now, earlier on direct — I’m sorry — on cross, defense
counsel asked you about the T-shirt that Mr. Carey was wearing.  You mentioned
there was a photograph on it.  What was the photograph of?

A.  Stanley Tookie Williams.

MR. DOUGLAS:  I object to that, Judge, as just being unduly
prejudicial.

MS. BYROM [prosecutor]:  Your Honor, I believe defense
counsel opened the door by asking what was written on the shirt.

THE COURT:  Overruled.

Q.  You can answer the question

A.  Stanley Tookie Williams.

Q.  And who is that?

MR. DOUGLAS:  Objection, irrelevant.

THE COURT:  Overruled.

A.  Stanley Tookie Williams was the co-founder of the CRIPS
criminal street gang organization in Los Angeles, California, in the 1970s. 
Was responsible personally for four shotgun murders committed, which he was
executed for.  It was a convenience store murder.

Appellant presented an alibi defense through the
testimony of his mother.  Appellant’s mother testified that when she paid
appellant’s bail and picked him up from jail he was wearing a black shirt with
a picture of Stanley Tookie Williams.  Appellant’s mother testified that she
did not care for the shirt and would not have bought it for him.  Appellant was
subsequently convicted of aggravated robbery.

II.  Issues and Analysis

In two issues appellant claims, “[T]he trial court
erred by overruling appellant’s objection to testimony that appellant was
wearing a shirt depicting the photograph of Stanley Tookie Williams, founder of
the CRIPS criminal street gang, and the malevolent character of Stanley Tookie
Williams[.]”  In his first issue, appellant claims the evidence was irrelevant
under Texas Rule of Evidence 401.  In his second issue, appellant claims the
probative value of the evidence was outweighed by its prejudicial effect.  Appellant’s
arguments on appeal address the propriety of admitting two discrete pieces of
evidence:  (1) testimony that the image on appellant’s shirt depicted Williams;
and (2) testimony that Williams founded a  criminal street gang and was
executed for committing murders at a convenience store with a shotgun.  We will
address each issue individually.

 

 

A.        Did
the trial court err in overruling appellant’s objection to testimony
identifying the image on appellant’s shirt as a depiction of Stanley Tookie Williams?


 

Appellant initially claims the trial court erred in
overruling his objection to testimony identifying the image on appellant’s
shirt as a depiction of Stanley Tookie Williams.  When the prosecutor asked
what was depicted on the shirt, appellant objected that the evidence was
“unduly prejudicial.”  

To preserve a complaint for appellate review, a party
must present to the trial court a timely request, objection, or motion stating
the specific grounds for the ruling desired. Tex.
R. App. P. 33.1(a).  A defendant’s appellate contention must comport
with the specific objection made at trial.  Wilson v. State, 71 S.W.3d
346, 349 (Tex. Crim. App. 2002).  An objection stating one legal theory may not
be used to support a different legal theory on appeal.  Broxton v. State,
909 S.W.2d 912, 918 (Tex. Crim. App. 1995).

Assuming appellant’s “unduly prejudicial” objection
can be construed as an objection under Texas Rule of Evidence 403, appellant
failed to make a timely objection.  Appellant failed to object until after the
State asked what was depicted on the shirt and Sergeant DeFee answered.  To
preserve error, one must make a timely objection.  Tex. R. App. P. 33.1(a); Lagrone v. State, 942 S.W.2d
602, 618 (Tex. Crim. App. 1997).  If one does not object until after an
objectionable question has been answered, and he can show no legitimate reason
to justify the delay, his objection is untimely, and any error is waived.  Lagrone,
942 S.W.2d at 618; Nino v. State, 223 S.W.3d 749, 755 (Tex. App.—Houston
[14th Dist.] 2007, no pet.).  Because appellant’s objection was untimely, he
failed to preserve error with regard to testimony that the image on appellant’s
shirt depicted Stanley Tookie Williams.[1] 
Therefore, we overrule appellant’s two issues insofar as appellant complains
that the trial court erred by admitting testimony that the image on appellant’s
shirt depicted Stanley Tookie Williams.  

B. 
Did the trial court err in overruling appellant’s objection to testimony
describing Stanley Tookie Williams?

 

Sergeant DeFee testified over objection that the
person depicted on appellant’s shirt, Stanley Tookie Williams, was a co-founder
of the CRIPS criminal street gang who was responsible for four murders committed
at a convenience store.

The determination of admissibility of evidence is
within the trial court’s sound discretion and will not be reversed on appeal
absent a clear abuse of discretion.  Coffin v. State, 885 S.W.2d 140,
149 (Tex. Crim. App. 1994).  A trial court clearly abuses its discretion when
its decision is so clearly wrong as to lie outside that zone within which
reasonable persons might disagree.  Montgomery v. State, 810 S.W.2d 372,
391 (Tex. Crim. App. 1990) (op. on reh’g).

Texas Rule of Evidence 402 permits the admission of
relevant evidence.  Tex. R. Evid.
402.  Rule 401 defines relevant evidence as evidence having any tendency to
make the existence of any fact that is of consequence to the determination of
the action more probable or less probable than it would be without the
evidence.  Tex. R. Evid. 401.  To
be included in the expansive definition of relevant evidence, proffered
evidence must have influence over a consequential fact, i.e., any fact
that is of consequence to the determination of the action.  Mayes v. State,
816 S.W.2d 79, 84 (Tex. Crim. App. 1991).  Evidence need not, by itself, prove
or disprove a particular fact to be relevant; it is sufficient if the evidence
provides a small nudge toward proving or disproving some fact of consequence.  Stewart
v. State, 129 S.W.3d 93, 96 (Tex. Crim. App. 2004).

On appeal, appellant argues that testimony describing
Williams (1) was irrelevant; and (2) if relevant, its probative value was
outweighed by its prejudicial effect.  At trial, appellant objected only on
relevance grounds.  Appellant’s relevance objection was overruled, and
appellant did not object that the prejudicial effect of this testimony
outweighed its probative value pursuant to Rule 403.  Therefore, appellant
failed to preserve his Rule 403 complaint and we address only the objection
that testimony describing Stanley Tookie Williams was inadmissible because it
was irrelevant.  See Wilson, 71 S.W.3d at 349.

The State contends that evidence describing Williams
was relevant and admissible because it had influence over the consequential
fact of appellant’s motive.  “[E]vidence of motive is always admissible because
it is relevant as a circumstance tending to prove the commission of an
offense.”  Bush v. State, 628 S.W.2d 441, 444 (Tex. Crim. App. 1982).  Evidence
of motive is always proper and relevant to assist in proving the defendant
committed the charged offense.  Gosch v. State, 829 S.W.2d 775, 783
(Tex. Crim. App. 1991).  To be admissible as proof of motive, evidence must
fairly tend to raise an inference in favor of the existence of a motive on the part
of the accused to commit the offense for which he is on trial.  Bush,
628 S.W.2d at 444.  

Here, the trial court acted within its discretion in
admitting the challenged testimony because evidence that the person depicted on
appellant’s shirt founded a criminal street gang and was executed for
committing murders at a convenience store was relevant to establishing motive. 
See Dunn v. State, 979 S.W.2d 403, 409 (Tex. App.—Amarillo 1998, pet.
ref’d); see generally Montgomery, 810 S.W.2d at 387 (providing that
evidence is relevant beyond its tendency for character conformity if it seems
to make a consequential fact more or less probable).  Appellant chose to wear a
shirt celebrating a gang founder with a violent history of murder at a convenience
store, which would help to explain why the appellant, as bag man, would
repeatedly urge his partner to shoot a compliant clerk who was not resisting
the robbery in any way.  

The trial testimony described a convenience store
robbery during which one assailant, who was holding a pillowcase into which the
cash register’s contents were deposited, repeatedly urged his accomplice, who
was holding a gun, to shoot the clerk behind the register.  Evidence that the
appellant wore a shirt commemorating a notorious gang founder with a violent
history that included murder at a convenience store was relevant to explain
appellant’s motive for urging his accomplice to shoot a compliant clerk who was
not resisting the robbery.  This testimony fell within the broad range of
relevance because it had influence over a consequential fact relating to
appellant’s motive.  See Dunn, 979 S.W.2d at 409 (evidence that
appellant was wearing “Oklahoma Corrections” shirt when arrested was relevant
and admissible at trial on charges of aggravated robbery, aggravated assault of
a peace officer, and aggravated kidnapping arising from robbery of grocery
store with a sawed-off .22 caliber rifle; shirt was relevant to motive “because
appellant was an escaped convict, he was a desperate man on the run, without a
job, and in need of cash”).  Therefore, we overrule appellant’s two issues
insofar as appellant complains that the trial court erred by admitting
testimony describing the person depicted on appellant’s shirt.

The judgment of the trial court is affirmed.

 

                                                                                    

                                                                        /s/        Kem
Thompson Frost

                                                                                    Justice

 

Panel consists of Justices Frost, Boyce, and Sullivan.

Do Not Publish — Tex. R. App. P. 47.2(b).

 









[1]
Even if appellant’s objection were considered
timely, the trial court would not have abused its discretion in overruling it.