**Affirmed and Opinion Filed May 6, 2021**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

## No. 05-19-01569-CR

**JEREMY LAINE JOHNSON, Appellant**
**V.**
**THE STATE OF TEXAS, Appellee**

**On Appeal from the Criminal District Court No. 1**
**Dallas County, Texas**
**Trial Court Cause No. F-1630929-H**

## MEMORANDUM OPINION

Before Justices Osborne, Pedersen, III, and Nowell
Opinion by Justice Nowell

A jury convicted appellant of aggravated assault with a deadly weapon against a family member.[1] In four issues, appellant argues the evidence is insufficient and the trial court erred by overruling his objection made pursuant to Texas Rule of Evidence 404(b), denying his motion for mistrial, and denying his requested jury instruction on a lesser-included offense. We modify the trial court's judgment and affirm as modified.

---

[1] The jury also acquitted appellant of the charge of aggravated assault against a second family member on the same day.

FACTUAL BACKGROUND

Appellant shot Jeffrey Nicola on December 18, 2016.

Appellant's father, Walter Johnson, married Cindy Johnson after appellant's mother died.[2]  Cindy's daughter, Cassandra Mascarenas, was in a relationship with Jeffrey Nicola.  In December 2016, Mascarenas, Nicola, and their children were staying in Walter and Cindy's house in Grand Prairie, Texas.  Appellant also was staying at the house.

On December 18, 2016, Walter and Cindy were arguing loudly in the kitchen.  Seeking to avoid the argument, Mascarenas left the kitchen and went into the dining room where she saw appellant remove a gun from a bag, insert a clip into the gun, and cock the gun.  Mascarenas returned to the kitchen to tell Cindy and Walter about the gun and, she testified, "that's when I heard a first initial shot."  After hearing the gun shot, Mascarenas and Cindy went into the dining room where they saw Nicola had been shot in the stomach.  Cindy tried to physically control appellant, and appellant shot her in the leg.  Walter then entered the room, grabbed appellant, and secured the gun.

Nicola was shot in the lower abdomen, the bullet pierced his bladder, and he underwent bladder reconstruction surgery. After returning home, he had complications and had to return to the hospital for an additional seven to ten days.

_____

[2] Because appellant, Walter Johnson, and Cindy Johnson have the same last name, we refer to Walter and Cindy by their first names.

At the time of trial, the bullet remained lodged inside of his body and he was unable to work.

Appellant testified in his defense. Appellant testified he and Cindy did not get along. In December 2016, appellant was staying with Walter and Cindy at their home in Grand Prairie. When Mascarenas and Nicola arrived in December 2016, their four children moved into his bedroom and he slept in the living room. Appellant testified he kept to himself and primarily watched television.

On the morning of December 18, appellant heard commotion and a "thud" against a wall. He thought someone had thrown something, so he went into the main part of the house to investigate. He heard arguing and, as he approached the kitchen, Nicola "intercepted me." Appellant testified he backed away as Nicola charged at him. Seeing his father's gun lying underneath a pouch, appellant grabbed and loaded the gun; "[a]nd I told [Nicola] to get the hell away from me." Despite the warning, Nicola continued charging toward appellant and said Nicola "was going to put [appellant] in the hospital." Appellant described Nicola as "[v]ery large" and appellant testified he was "in total fear," he was afraid Nicola would attack him, and he felt threatened. Feeling he did not have a means to escape, appellant shot Nicola in the stomach. Appellant conceded on cross-examination that Nicola did not touch him before the shooting.

The jury convicted appellant of aggravated assault with a deadly weapon for shooting Nicola. The jury acquitted appellant on the charge of aggravated assault with a deadly weapon for shooting Cindy.

LAW & ANALYSIS

**A.     Sufficiency of the Evidence**

In his first issue, appellant argues the evidence is insufficient to support the conviction for aggravated assault with a deadly weapon and to support the jury's rejection of his self-defense claim. When addressing a challenge to the sufficiency of the evidence, we consider whether, after viewing all of the evidence in the light most favorable to the verdict, any rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319 (1979); *Zuniga v. State*, 551 S.W.3d 729, 732 (Tex. Crim. App. 2018). This standard requires the appellate court to defer "to the responsibility of the trier of fact fairly to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts." *Jackson*, 443 U.S. at 319. We determine whether the "necessary inferences are reasonable based upon the combined and cumulative force of all the evidence when viewed in the light most favorable to the verdict." *Hooper v. State*, 214 S.W.3d 9, 16–17 (Tex. Crim. App. 2007).

When conducting our review, we consider all the evidence in the record, whether admissible or inadmissible. *Winfrey v. State*, 393 S.W.3d 763, 767 (Tex.

–4–

Crim. App. 2013). If the record supports conflicting inferences, we must presume that the factfinder resolved the conflicts in favor of the verdict and therefore defer to that determination. *Jackson*, 443 U.S. at 326. Direct and circumstantial evidence are treated equally, and circumstantial evidence alone may be sufficient to uphold a conviction so long as the cumulative force of all the incriminating evidence is sufficient to support the conviction. *Zuniga*, 551 S.W.3d at 733. Finally, the factfinder is entitled to judge the credibility of witnesses and can choose to believe all, some, or none of the testimony presented by the parties. *Chambers v. State*, 805 S.W.2d 459, 461 (Tex. Crim. App. 1991).

### 1. Evidence of Aggravated Assault with a Deadly Weapon

As is relevant here, a person commits the offense of aggravated assault with a deadly weapon when the person knowingly, intentionally, or recklessly causes bodily injury to another and uses or exhibits a deadly weapon during the commission of the assault. *See* TEX. PENAL CODE § 22.02(a). The uncontested evidence shows appellant intentionally shot Nicola with a gun, a deadly weapon, and the bullet pierced Nicola's bladder. Viewing the evidence in the light most favorable to the verdict, we conclude any rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt.

Appellant argues the State presented no evidence of appellant's motive to shoot Nicola. Motive is not an element of aggravated assault. *See* TEX. PENAL CODE § 22.02(a). Accordingly, the State is not required to establish motive to establish the

–5–

commission of the offense. *See Woods v. State*, No. 05-18-00444-CR, 2019 WL 3296977, at *10 (Tex. App.—Dallas July 23, 2019, pet. ref'd) (mem. op., not designated for publication) (citing *Bush v. State*, 628 S.W.2d 441, 444 (Tex. Crim. App. 1982); *Rodriguez v. State*, 486 S.W.2d 355, 358 (Tex. Crim. App. 1972)).

### 2. *Evidence of Self-Defense*

Appellant also challenges the sufficiency of the evidence supporting the jury's rejection of his self-defense claim. A person is justified in using force against another when and to the degree the actor reasonably believes the force is immediately necessary to protect the actor against the other's use or attempted use of unlawful force. TEX. PENAL CODE § 9.31(a). A "reasonable belief" is one that an ordinary and prudent man would hold in the same circumstances as the actor. *Id*. § 1.07(a)(42).

A defendant has the burden of producing some evidence to support a claim of self-defense. *London v. State*, 325 S.W.3d 197, 202 (Tex. App.—Dallas 2008, pet. ref'd); *see also McAlister v. State*, No. 05-19-00704-CR, 2020 WL 7767936, at *3 (Tex. App.—Dallas Dec. 30, 2020, no pet.) (mem. op., not designated for publication). The State has the burden of persuasion in disproving self-defense. *London*, 325 S.W.3d at 202. Self-defense is an issue of fact to be determined by the jury. *Id*. A jury's guilty verdict is an implicit finding rejecting the defendant's self-defense theory. *Id*.

Because the State bears the burden of persuasion to disprove self-defense by establishing its case beyond a reasonable doubt, we review legal sufficiency challenges to the jury's rejection of such a defense under the *Jackson v. Virginia* standard. *McAlister*, 2020 WL 7767936, at *3. In resolving the sufficiency of the evidence issue, we look not to whether the State presented evidence which refuted appellant's self-defense testimony, but rather we determine whether after viewing all the evidence in the light most favorable to the prosecution, any rational trier of fact would have found the essential elements of the offense beyond a reasonable doubt and also would have found against appellant on the self-defense issue beyond a reasonable doubt. *Braughton v. State*, 569 S.W.3d 592, 609 (Tex. Crim. App. 2018).

The jury heard appellant's testimony that Nicola charged at him and threatened to "put [appellant] in the hospital" so that appellant was "in total fear," felt threatened, and felt backed against the wall. However, he also testified Nicola never touched him. Mascarenas testified she did not expect anything to happen when she saw appellant remove a gun from his bag because "we weren't in a situation that called for a gun to be pulled out. There just wasn't that situation, not at all." Likewise, when Nicola was asked for any reason why appellant shot him, he responded: "I have no idea" and stated there was not any reason for appellant to shoot him that day.

The jury essentially heard two versions of the events of December 18, 2016. The jury then considered all of the evidence presented, including appellant's testimony about what occurred. The jury, as the judge of witness credibility, was free to believe or disbelieve any witness, including appellant. Based on the evidence in the record, we conclude the jury rationally could have rejected appellant's claim of self-defense. We overrule appellant's first issue.

## B.    Rule 404(b) Objection

In his second issue, appellant argues the trial court erred by overruling his objection to the admission of evidence under Texas Rule of Evidence 404(b). On cross-examination, the State asked appellant whether he recalled being at Walter and Cindy's house on Thanksgiving Day in 2015. Appellant replied he did not. When asked whether he recalled the police "had to come out because you stabbed [Cindy's] tires after you were asked to leave the home because of an argument," appellant stated that event did not occur. Rather, he testified, "I never went there. I was in Balch Springs" where he lived. On re-direct, appellant testified he remembered "very little about Thanksgiving" and he was not charged with any crime from November 2015. Appellant argues the trial court erred by allowing this line of questioning.

Pursuant to rule of evidence 404(b)(1), "[e]vidence of a crime, wrong, or other act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character." TEX. R. EVID.

404(b)(1). Exceptions to this rule include admission of the evidence "for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." *Id.* 404(b)(2). We review a trial court's decision admitting or excluding evidence for an abuse of discretion. *Martinez v. State*, 327 S.W.3d 727, 736 (Tex. Crim. App. 2010). Under that standard, we uphold the trial court's ruling so long as it is within the zone of reasonable disagreement. *Cameron v. State*, 241 S.W.3d 15, 19 (Tex. Crim. App. 2007).

Appellant was indicted for aggravated assault with a deadly weapon for shooting Nicola and, separately, for shooting Cindy. The two cases were tried together. Before asking appellant about the alleged incident at Thanksgiving 2015, a hearing on the admissibility was held outside the presence of the jury. At the end of the hearing, the trial court concluded: "Well, regarding the testimony that he has made regarding the shooting of Cindy Johnson, I do believe that 404(b)(2) is triggered, so I'm going to allow the State to get into that." After the jury returned to the courtroom, the State questioned appellant about the Thanksgiving 2015 incident. Based on this record, we conclude the trial court acted within its discretion by determining evidence about appellant stabbing Cindy's tires one year before the shootings was admissible to show appellant's "motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident" with

respect to the charge of aggravated assault with a deadly weapon for shooting Cindy. TEX. R. EVID. 404(b)(2). We overrule appellant's second issue.

### C. Motion for Mistrial

In his third issue, appellant argues the trial court erred by denying his motion for mistrial. We review a trial court's denial of a motion for mistrial for an abuse of discretion. *Ocon v. State*, 284 S.W.3d 880, 884 (Tex. Crim. App. 2009). A mistrial is an appropriate remedy in extreme circumstances for a narrow class of highly prejudicial and incurable errors. *Hawkins v. State*, 135 S.W.3d 72, 77 (Tex. Crim. App. 2004). We view the evidence in the light most favorable to the trial court's ruling, considering only those arguments before the court at the time of the ruling. *Wead v. State*, 129 S.W.3d 126, 129 (Tex. Crim. App. 2004).

Because it is an extreme remedy, a mistrial should be granted "only when residual prejudice remains" after less drastic alternatives are explored. *Ocon*, 284 S.W.3d at 884–85 (quoting *Barnett v. State*, 161 S.W.3d 128, 134 (Tex. Crim. App. 2005)). Though requesting lesser remedies is not a prerequisite to a motion for mistrial, when the movant does not first request a lesser remedy, we will not reverse the court's judgment if the problem could have been cured by the less drastic alternative. *Id.*

The State called Cindy as a rebuttal witness and the following exchange occurred when appellant's counsel cross-examined her:

> Q. Okay. And you've never stated that Cassandra was - - was, you know, the target or that Jeremy - -
> A. No. Actually, I've been the target for ten years.
> Q. Gotcha.
> MR. EDWARDS: I'll pass the witness.
> A. He had a bulletproof vest and everything in that house.

Appellant's counsel objected to Cindy's unsolicited statement that appellant "had a bulletproof vest and everything in that house," and the trial court sustained the objection. Appellant's counsel then asked that the statement be stricken from the record, and the trial court stated "[p]lease strike that last bit from the record." When appellant moved for a mistrial, the trial court denied the motion.

On appeal, appellant argues the trial court erred by denying his motion for mistrial because Cindy's unsolicited statement was a comment on his post-arrest silence by the State. The State responds that Cindy did not comment on appellant's post-arrest silence, the State did not comment on appellant's post-arrest silence, and the proper remedy was a motion to strike and a request the jury be instructed to disregard the statement. We disagree with appellant that Cindy's unsolicited statement was a comment on his post-arrest silence. We also disagree with appellant that Cindy's statement was a comment by the State.

Cindy's statement could be viewed as implying appellant prepared for the shooting because he had a bulletproof vest "and everything else" at the house. However, any prejudice caused by Cindy's unsolicited statement could have been cured by striking the testimony and instructing the jury to disregard Cindy's last

–11–

statement. Appellant did not request the trial court instruct the jury to disregard Cindy's comment. Because the problem could have been cured by a less drastic alternative and appellant did not pursue that remedy, we will not reverse the trial court's judgment on this basis. Additionally, we cannot conclude the trial court abused its discretion by concluding Cindy's statement did not fall into the category of extreme circumstances for a narrow class of highly prejudicial and incurable errors for which a mistrial is warranted. We overrule appellant's third issue.

### D. Lesser-Included Offense

In his fourth issue, appellant argues the trial court erred by denying his request for a jury instruction on the lesser-included offense of deadly conduct. A person commits the offense of deadly conduct if he recklessly engaged in conduct that places another in imminent danger of serious bodily injury. *See* TEX. PENAL CODE 22.05(a). A "person acts recklessly, or is reckless, with respect to circumstances surrounding his conduct or the result of his conduct when he is aware of but consciously disregards a substantial and unjustifiable risk that the circumstances exist or the result will occur." *Id.* § 6.03(c).

A trial court's decision to submit or deny a lesser-included offense instruction is reviewed for an abuse of discretion. *Treadgill v. State*, 146 S.W.3d 654, 666 (Tex. Crim. App. 2004); *Bueno v. State*, No. 05-18-00940-CR, 2019 WL 3212151, at *3 (Tex. App.—Dallas July 9, 2019, no pet.) (mem. op., not designated for publication). We apply a two-step test to determine whether an instruction on a lesser-included

–12–

offense should have been given to the jury. *Cavazos v. State*, 382 S.W.3d 377, 382 (Tex. Crim. App. 2012); *Bueno*, 2019 WL 3212151, at *3. First, we determine if the proof necessary to establish the charged offense also includes the lesser offense. *Cavazos*, 382 S.W.3d at 382; *Bueno*, 2019 WL 3212151, at *3. If so, in the second step we review the record for some evidence that would permit a jury to rationally find that, if the appellant is guilty, he is guilty only of the lesser offense. *Cavazos*, 382 S.W.3d at 382; *Bueno*, 2019 WL 3212151, at *3.

As to the first step, the State concedes the offense of deadly conduct is a lesser-included offense of aggravated assault with a deadly weapon in this case. This Court previously concluded deadly conduct may be a lesser-included offense of aggravated assault with a deadly weapon. *See Bueno*, 2019 WL 3212151, at *4. The remaining question, then, is whether there is some evidence that appellant, if guilty, is guilty only of the lesser-included offense of deadly conduct. *See Campbell v. State*, 149 S.W.3d 149, 152 (Tex. Crim. App. 2004) (en banc). Satisfying the second step "requires affirmative evidence that both raises the lesser-included offense and rebuts or negates an element of the greater offense." *Cavazos*, 382 S.W.3d at 385.

At trial, appellant testified he intentionally shot Nicola because Nicola was charging at him and he had no other means of escape. Nicola's and Mascarenas's testimony also showed appellant intentionally shot Nicola. There was no evidence indicating appellant was aware of but "consciously disregard[ed] a substantial and unjustifiable risk that the circumstances exist or the result will occur." TEX. PENAL

–13–

CODE § 6.03(c). Because the evidence would not support a finding that appellant had the requisite mental state at the time he fired the gun, the trial court did not abuse its discretion by denying appellant's request for the inclusion of an instruction on deadly conduct.

### E. Modifications to Judgment

We have the power to modify the trial court's judgment when we have the necessary information to do so. *See* TEX. R. APP. P. 43.2(b); *Bigley v. State*, 865 S.W.2d 26, 27–28 (Tex. Crim. App. 1993); *Asberry v. State*, 813 S.W.2d 526, 529–30 (Tex. App.—Dallas 1991, pet. ref'd). Here, the judgment states appellant waived a jury trial and he pleaded guilty to the offense. However, the record reflects appellant did not waive his right to a jury trial and he pleaded not guilty. Accordingly, we modify the judgment to reflect this was a jury trial and appellant pleaded not guilty to the charged offense.

CONCLUSION

We modify the trial court's judgment and affirm as modified.

/Erin A. Nowell//
ERIN A. NOWELL
JUSTICE

191569f.u05

Do Not Publish
TEX. R. APP. P. 47.2(b)

–14–



# Court of Appeals
## Fifth District of Texas at Dallas

## JUDGMENT

JEREMY LAINE JOHNSON,
Appellant

No. 05-19-01569-CR      V.

THE STATE OF TEXAS, Appellee

On Appeal from the Criminal District
Court No. 1, Dallas County, Texas
Trial Court Cause No. F-1630929-H.
Opinion delivered by Justice Nowell.
Justices Osborne and Pedersen, III
participating.

Based on the Court's opinion of this date, the judgment of the trial court is **MODIFIED** as follows:

We **STRIKE** the words "Waiver of Jury Trial" from the heading of the judgment.

Under the heading "Plea to Offense," we **STRIKE** the word "Guilty" and **ADD** the words "NOT GUILTY."

As **REFORMED**, the judgment is **AFFIRMED**.

Judgment entered this 6th day of May, 2021.