

## Fourth Court of Appeals
### San Antonio, Texas

### MEMORANDUM OPINION

No. 04-20-00222-CR

Jose Humberto **NAVARRO**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 406th Judicial District Court, Webb County, Texas
Trial Court No. 2016CRS000772D4
Honorable Oscar J. Hale, Jr., Judge Presiding

Opinion by:  Rebeca C. Martinez, Chief Justice

Sitting:  Rebeca C. Martinez, Chief Justice
Luz Elena D. Chapa, Justice
Lori I. Valenzuela, Justice

Delivered and Filed: May 19, 2021

AFFIRMED

Jose Humberto Navarro was convicted of two counts of aggravated sexual assault and one count of indecency with a child and sentenced to life in prison on each count. *See* TEX. PENAL CODE ANN. §§ 22.021, 22.11(a)(1). On appeal, Navarro contends the trial court erred in denying his motion for new trial and oral motions for continuance. We affirm.

### BACKGROUND

The State charged Navarro with two counts of aggravated sexual assault and one count of indecency with a child. *See id.* Trial began on February 24, 2020. Prior to the commencement of

voir dire, Navarro urged his first oral motion for continuance, contending there were three material witnesses missing whom he had subpoenaed the week before trial. The trial court denied the motion and voir dire began. During voir dire, defense counsel asked the veniremembers whether any of them knew the State's counsel, Joaquin Rodriguez, or anyone at the District Attorney's office. None of the veniremembers responded in the affirmative. The jury was then selected. Before opening statements, Navarro urged a second oral motion for continuance, arguing that the presiding judge's schedule would disrupt the continuity of trial and would require a visiting judge to step in if trial continued for three days or longer. The State responded that it had shortened its witness list and it believed it could complete its case-in-chief in one day. The trial court denied Navarro's oral motion for continuance, and Navarro subsequently reurged the motion during trial, again contending that three of his witnesses were unavailable. The trial court denied the motion. Trial proceeded and the jury returned a verdict, finding Navarro guilty on all counts and sentencing him to life in prison on each count.

After he was convicted and sentenced, Navarro filed a motion for new trial, in which he asserted the foreman of the jury failed to disclose his relationship with Rodriguez when asked during voir dire. Navarro also asserted that three material witnesses were not able to testify due to the denial of his motions for continuance. The motion for new trial was overruled by operation of law. *See* TEX. R. APP. P. 21.8(c). Navarro now appeals.

### RIGHT TO TRIAL BY IMPARTIAL JURY

In his first issue, Navarro contends the trial court should have granted his motion for new trial based upon his allegation of juror misconduct. The State responds that the trial court did not abuse its discretion by denying Navarro's motion for new trial because Navarro failed to include any evidentiary support in his motion. We agree.

We review a trial court's denial of a motion for new trial under an abuse of discretion standard. *Okonkwo v. State*, 398 S.W.3d 689, 694 (Tex. Crim. App. 2013). A trial court abuses its discretion in denying a motion for new trial only when no reasonable view of the record could support the trial court's ruling. *McQuarrie v. State*, 380 S.W.3d 145, 150 (Tex. Crim. App. 2012). A defendant will be granted a new trial "when the jury has engaged in such misconduct that the defendant did not receive a fair and impartial trial." TEX. R. APP. P. 21.3(g). "To warrant a new trial based on jury misconduct, the movant must establish not only that jury misconduct occurred, but also that it was material and probably caused injury." *Ryser v. State*, 453 S.W.3d 17, 39 (Tex. App.—Houston [1st Dist.] 2014, pet. ref'd) (citing *Bogue v. State*, 204 S.W.3d 828, 829 (Tex. App.—Texarkana 2006, pet. ref'd). To be material, the information withheld must be of a type suggesting potential for bias or prejudice. *Barnett v. State*, 420 S.W.3d 188, 192 (Tex. App.—Amarillo 2013, no pet.).

Unless the matter of jury misconduct can be determined from the trial record, a motion for new trial alleging jury misconduct must be supported by an affidavit of a juror or some other knowledgeable person or must state some excuse for the failure to produce an affidavit. *See Smith v. State*, 286 S.W.3d 333, 339 (Tex. Crim. App. 2009); *Reed v. State*, 841 S.W.2d 55, 57 (Tex. App.—El Paso 1992, pet. ref'd). Further, an affidavit attached to the motion is only a part of the pleading for a new trial and does not prove itself. *Dugard v. State*, 688 S.W.2d 524, 529 (Tex. Crim. App. 1985), *overruled on other grounds by Williams v. State*, 780 S.W.2d 802, 803 (Tex. Crim. App. 1989); *cf. Hobbs v. State*, 298 S.W.3d 193, 199 (Tex. Crim. App. 2009) ("If the affidavit is conclusory, is unsupported by facts, or fails to provide requisite notice of the basis for the relief claimed, no hearing [on a motion for new trial] is required.").

In his motion, Navarro contends that the presiding juror withheld material information during voir dire by failing to disclose his relationship with the prosecutor, Rodriguez. *See* TEX. R.

APP. P. 21.3(g). However, Navarro failed to support his contention with an affidavit or other verification. The trial record is silent as to any relationship between the presiding juror and Rodriguez. During voir dire, defense counsel asked whether any of the veniremembers knew Rodriguez or anyone at the District Attorney's office. There was no response from the prospective jurors, and the jury was subsequently selected.

Because the alleged grounds for jury misconduct were based on matters not in the record, Navarro was required to support his motion for new trial with an affidavit setting out the factual basis for his claim, or he was required to state an excuse for his failure to produce an affidavit; Navarro did neither. *See Smith*, 286 S.W.3d at 339; *Reed*, 641 S.W.2d at 57. Without competent evidence as to jury misconduct adduced at trial or at a motion for new trial, Navarro has not established his claim for jury misconduct. *See Smith*, 286 S.W.3d at 339; *cf. Scott v. State*, 419 S.W.3d 698, 705 (Tex. App.—Texarkana 2013, no pet.) (holding defendant failed to exercise due diligence because he did not request an opportunity to question a juror as to the effect his relationship with the defendant's mother would have had on his verdict). Consequently, the trial court did not abuse its discretion by denying Navarro's motion for new trial on the ground of jury misconduct. *See Reed*, 641 S.W.2d at 57; *cf. Lucero v. State*, 246 S.W.3d 86, 95 (Tex. Crim. App. 2008) (holding the trial court did not abuse its discretion in declining to hold a hearing on appellant's motion for new trial because the record presented no reasonable grounds to believe that the alleged jury misconduct affected the jury's verdict). We overrule Navarro's first issue.

### MOTIONS FOR CONTINUANCE

In his second issue, Navarro contends the trial court erred in denying his oral motions for continuance made prior to and during trial and that such denial deprived him of due process. In response, the State argues he failed to preserve error for appellate review. We agree with the State.

Before trial, "[a] criminal action may be continued on the written motion of the State or of the defendant, upon sufficient cause shown; which cause shall be fully set forth in the motion." TEX. CODE CRIM. PROC. ANN. art. 29.03. A continuance requested after trial has begun may be granted:

> when it is made to appear to the satisfaction of the court that by some unexpected occurrence since the trial began, which no reasonable diligence could have anticipated, the applicant is so taken by surprise that a fair trial cannot be had.

*Id.* art. 29.13. The court of criminal appeals has explained that when a defendant's motion for continuance is based on an absent witness, he must show that (1) he "has exercised diligence to procure the witness's attendance;" (2) the witness was "not absent by the procurement or consent of the defense;" (3) the motion was "not made for delay;" and (4) the facts expected to be proved by the witness "are material." *Harrison v. State*, 187 S.W.3d 429, 434 (Tex. Crim. App. 2005); *see id.* art. 29.06. Motions for continuance must be sworn to and in writing to preserve error. *See Jimenez v. State*, 307 S.W.3d 325, 331 (Tex. App.—San Antonio 2009, pet. ref'd). Further, to preserve error, evidence must be adduced, by affidavit or at a hearing, to provide the nature of the testimony the missing witness would have given. *See White v. State*, 982 S.W.2d 642, 646 (Tex. App.—Texarkana 1998, pet. ref'd); *Kemper v. State*, 643 S.W.2d 758, 761 (Tex. App.—San Antonio 1982, no pet.). We review the denial of a motion for continuance for an abuse of discretion. *Vasquez v. State*, 67 S.W.3d 229, 240 (Tex. Crim. App. 2002).

The reporter's record reflects that Navarro orally moved for a motion for continuance three times, once prior to trial and twice during trial. In his first and third motions, he argued that three witnesses whom he had subpoenaed were not present at trial. In his second motion, Navarro argued that the presiding judge's schedule would require a visiting judge to participate in the trial and disrupt the continuity of trial. The trial court denied all three oral motions for continuance. After his conviction, Navarro raised the issue in his motion for new trial.

We hold that Navarro failed to preserve error for appeal. The motions for continuance were oral, unsworn, and unsupported by any proof; consequently, they do not preserve error for appeal. *See Jimenez*, 307 S.W.3d at 331; *Dewberry v. State*, 4 S.W.3d 735, 755 (Tex. Crim. App. 1999) ("A motion for continuance not in writing and not sworn preserves nothing for review.").[1] Although Navarro filed a motion for new trial again raising the issue, there is no affidavit or other sworn testimony in the record to substantiate assertions about the testimony the missing witnesses would have given. Consequently, the motion for new trial likewise does not preserve error. *See Kemper*, 643 S.W.2d at 761 (holding no showing of abuse of discretion in the denial of an oral motion for continuance and a motion for new trial due to missing witness because there was no record made to substantiate what the missing witness would have offered); *see also Gonzales v. State*, 304 S.W.3d 838, 842–43 (Tex. Crim. App. 2010) (stating that a showing of prejudice resulting from a trial court's denial of a motion for continuance can ordinarily be made only in a motion for new trial when a defendant can produce evidence or witnesses that would have been available if the motion for continuance had been granted). Therefore, we hold the trial court did not abuse its discretion in denying Navarro's motions for continuance and motion for new trial. Navarro's second issue is overruled.

## CONCLUSION

We affirm the trial court's judgment.

Rebeca C. Martinez, Chief Justice

DO NOT PUBLISH

---

[1] Navarro asserts the denial of his oral motions for continuance are reviewable because they amount to a denial of due process. *See O'Rarden v. State*, 777 S.W.2d 455, 459 (Tex. App.—Dallas 1989, pet. ref'd) (providing an equitable exception, based on due process, to the requirement that motions for continuances be written and sworn). However, we have rejected an equitable exception to the requirement that motions for continuance be sworn to and in writing. *See Jimenez*, 307 S.W.3d at 331; *Mitchell v. State*, No. 04-03-00112-CR, 2003 WL 22492457, *3 (Tex. App.—San Antonio 2003, no pet.) (mem. op., not designated for publication) ("We agree with our sister courts and reject the contention that a due process or equitable exception exists to the requirement that a motion for continuance be in writing.").